## JOHN WILSON *et al.*

### *v.*

## WILLIAM T. ROUNTREE.

1. CHATTEL MORTGAGE—*failure of mortgagee to exercise his right of election to declare a forfeiture, does not release the lien.* Where a chattel mortgage provides for the property remaining in the possession of the mortgagor until the maturity of the mortgage debt, unless such property shall be in danger of being levied on, etc., in which case the mortgagee shall be entitled to and may take possession, etc., the right thus conferred upon the mortgagee is a mere right of election, and his failure to exercise it can not, in the least, affect other parties, or release the lien of the mortgage.

2. SAME—*permitting possession to remain with mortgagor—when fraudulent and when not.* Where the mortgagee of personal property permits the possession to remain with the mortgagor after his failure to comply with the express terms of the mortgage, it has been held to be a fraud *per se,* and not subject to explanation; but such is not the case where the mortgagee suffers the property to remain in the hands of the mortgagor when he has a mere election to declare a forfeiture. In the one case the forfeiture is absolute, in the other it depends upon the pleasure of the mortgagee.

APPEAL from the Circuit Court of Washington county; the Hon. AMOS WATTS, Judge, presiding.

Mr. P. E. Hosmer, for the appellants.

Messrs. Alexander & Watts, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

This was an action of replevin, brought by appellants against appellee, for certain wheat. The wheat was originally owned by one Gilbert Wilson, who executed a chattel mortgage upon it to appellants, to secure them against the payment of certain notes of his, whereon they were sureties. The mortgage contained this condition:

"If I, the said Gilbert Wilson, shall well and truly pay said notes by the 1st day of April, 1874, according to the tenor and effect thereof, then the above conveyance to be void, otherwise in full force and virtue; and it is hereby expressly understood, that I shall retain possession of the above property until said 1st day of April, unless said property shall be in danger of being levied upon, or I should offer to or actually trade the same, or any part thereof, or remove the same from said county, in which case the said John W. Wilson and Aaron W. Kennedy shall be entitled to and may take possession thereof, and sell the same at public vendue, to pay said notes, the same as if they were due, together with all interest then accrued."

The notes were not paid at the time of the commencement of suit, and no question is made that appellants were not still liable for their payment.

The appellee justified the caption and detention of the property, as constable, by virtue of an execution from a justice of the peace, in favor of one Dunkhorst, against said Gilbert Wilson, which came to his hands on the 12th day of April, 1873, and claimed that the property was released from the mortgage because two separate executions, issued on separate judgments against said Gilbert Wilson, had been levied on the property in March, 1873, and that appellants were notified of these levies, but neglected to take the property into possession. It appears that these executions were returned satisfied a few days after they were levied, and that the property remained in possession

of the mortgagor, Gilbert Wilson, until it was taken by appellee under the execution in favor of Dunkhorst, on the 12th of April, 1873.

The case was tried by the court, without the intervention of a jury, and judgment rendered in favor of appellee.

The only question presented for our determination is, did the failure of appellants to take possession of the mortgaged property when the executions were levied upon it, in March, 1873, release the lien of the mortgage?

It is insisted by appellee, that the levy of the executions *per se* worked a default in the condition of the mortgage, and that it was the imperative duty of the mortgagees then to take possession of the property, or forfeit their rights under the mortgage. The language of the condition before quoted will not bear this construction. It is, that upon the happening of the contingencies named, appellants *"shall be entitled to and may take possession,"* etc. This, obviously, conferred upon the mortgagees a mere right of election for their own protection, and the failure to exercise it could not, in the least, affect other parties.

The mortgage was of record, and all persons are charged with notice of its terms. No absolute default was provided for until the 1st day of April, 1874, at which time, if the notes, to protect the mortgagees against the payment of which the mortgage was given, were not paid, the mortgagees were authorized to take and sell the mortgaged property. Until that time, the property might lawfully remain in the possession of the mortgagor, subject to the lien of the mortgagees.

We can not distinguish this case, in principle, from that of *Barbour et al. v. White et al.* 37 Ill. 168. It was there said, in speaking of the provision in the chattel mortgage authorizing the mortgagees to declare a forfeiture of the condition before the maturity of the debt secured by the mortgage: "By this clause it is, in substance, provided, that on the happening of any one of certain contingencies, all the notes, though not due by their terms, shall become due and payable, and the mortgagee *may elect* to take possession of the mortgaged prop-

erty. We are of opinion that the reasonable construction of this provision, when taken in all its parts, is not that the notes shall become absolutely due, and the mortgagee compelled to take possession in order to preserve his lien, but that he has the election to treat the notes as due, and take possession, or let them stand upon their original terms, as he may desire. The clause is, so far as the mortgagor is concerned, in the nature of a forfeiture, and to hold that the mortgagee must declare the forfeiture or lose his security, would be an extremely harsh rule for the debtor and an onerous one for the creditor. For the same rule applies to all the contingencies mentioned in the mortgage, and if the construction claimed by the plaintiffs in error were adopted, it would be necessary for the mortgagee to keep a daily watch upon the property, in order to be advised of the occurrence of the contingency. The clause was inserted in the mortgage merely to give the mortgagee additional security, and if he does not deem it necessary to avail himself of his privilege of claiming payment of his notes sooner than they are due by their face, no other person is injured or has a right to complain."

The cases referred to by appellee, in support of the position that suffering property to remain with the mortgagor after default is *fraud per se*, and not subject to explanation, *Reed* v. *Eames*, 19 Ill. 595, *Funk* v. *Staats*, 24 id. 633, *Cass* v. *Perkins*, 23 id. 382, *Hanford* v. *Obrecht*, 49 id. 146, *Wylder* v. *Crane*, 53 id. 490, are all cases in which the property was suffered to remain in the possession of the mortgagor, notwithstanding his failure to comply with the express terms of the mortgage, and have no reference whatever to cases where the mortgagee suffers property to remain in the possession of the mortgagor when he has a mere election to declare a forfeiture, as in the present case. In the one case the forfeiture is absolute, in the other it depends upon the pleasure of the mortgagee.

The judgment of the court below is reversed, and the cause remanded for further proceedings not inconsistent with this opinion. *Judgment reserved.*