## W. H. Howard Commission Co. v. National Live Stock Bank.

1. DEMAND—*When Unnecessary in Replevin.*—No demand is necessary in replevin for the possession of property wrongfully acquired.

2. AGISTER—*Defined.*—An agister is defined by the Century Dictionary as one who receives and pastures cattle for hire.

3. SAME—*Who is Not Within the Statute Providing for Liens.*—A

474    APPELLATE COURTS OF ILLINOIS.

VOL. 93.] W. H. Howard Commission Co. v. Nat. Live Stock Bank.

person having no charge whatever of domestic animals, but simply furnishing a certain amount of feed which he sells to those in charge of such animals, can not be considered as an agister within the meaning of the statute providing that persons keeping, yarding, feeding or pasturing domestic animals, shall have a lien upon such animals for the proper charges for such keeping, yarding or feeding.

**Replevin.**—Error to the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

C. L. SHELDON, attorney for plaintiff in error.

SMITH & DANIELS, attorneys for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

On October 10, 1898, LeRoy Pratt, through the firm of Abner Pratt & Co. of Chicago, bought some 1,805 sheep for feeding purposes. The money to purchase the sheep was borrowed by Pratt from defendant in error upon a note for $6,567.58, the payment of which was guaranteed by Abner Pratt. To further secure the note Pratt gave a chattel mortgage upon the sheep to defendant in error. The sheep were shipped to Sterling, Illinois, and put in a pasture near that place. Pratt bought food for the sheep from plaintiff in error, which had an elevator at Sterling. About December 7, 1898, Abner Pratt & Co. sent one Cole McQueen to Sterling to see Pratt and make arrangements for moving the sheep to another pasture outside of the county where they then were. The bill for feed was unpaid and plaintiff in error, through Meserole, its agent and manager, notified McQueen that the sheep could not go until the bill was paid. On December 8th Pratt signed an instrument in writing surrendering the possession of the sheep to McQueen for Abner Pratt & Co. McQueen at once took possession of the property and employed a man named Bloom to take care of the sheep and deliver feed to them. On the day he took possession McQueen made arrangements with Meserole, the agent of plaintiff in error, to continue furnishing feed for the sheep. On December 11th Meserole went to the

pasture with men, and claiming to be in possession of the sheep, refused to let McQueen enter when he afterward came there. McQueen being refused admission to the pasture, returned to Sterling and advised the firm of Abner Pratt & Co. of the condition of affairs. A member of that firm went to Sterling and caused the sheep to be replevied in the name of defendant in error. The sheep were taken possession of by the sheriff and delivered to defendant in error and were afterward removed from the county and sold. A jury was waived and upon the trial the court found the issues for the defendant in error and gave judgment against plaintiff in error for costs.

It is insisted by plaintiff in error that the court erred in admitting in evidence the chattel mortgage above mentioned for the reason that the memorandum made by the justice upon his docket in reference to the same was insufficient. We are inclined to think that the memorandum made by the justice complied substantially with the requirements of the statute, but it was immaterial whether it fully complied with the statute or not, as defendant in error was in possession of the stock at the time the agent of plaintiff in error seized it. No demand for the return of the property was made by defendant in error before he brought his action in replevin. This, however, was not necessary, as plaintiff in error had acquired the property wrongfully from the possession of defendant in error. It is claimed by plaintiff in error that because it had furnished certain feed for the stock from its elevator it thereby became an agister and was entitled to a lien upon the sheep for the payment of the money due for such feed.

It is provided in section 3, chapter 82, Revised Statutes (Hurd, 1899), that "Agisters and persons keeping, yarding, feeding or pasturing domestic animals, shall have a lien upon the animals agistered, kept, yarded or fed, for the proper charges due for the agisting, keeping, yarding or feeding thereof." An agister is defined by the Century Dictionary as "one who receives and pastures cattle, etc., for hire." Plaintiff in error can not be considered as an agister

within the meaning of the statute. It had no charge whatever of the stock but simply furnished a certain amount of feed which it sold to those in charge of the same.

Plaintiff in error further insists that defendant in error ought not in law to maintain his replevin suit for the reason that it obtained possession of the mortgaged property by the writ of replevin for the purpose of removing and selling the same outside of the county where it was situated when mortgaged. It is true that the statute provides " that all sales of personal property under the power of sale contained in any chattel mortgage shall be made in the county where the mortgagor resides or where the property is situated when mortgaged." Revised Stat. (Hurd, 1899), Chap. 95, Sec. 26.

That question, however, is not important, so far as this case is concerned, as it could not affect the right of one party or the other to the possession of the stock at the time it was replevied. We think the court below correctly decided the questions presented to it, and the judgment is accordingly affirmed.