## L. F. Boyle v. D. L. Miller.

1. CHATTEL MORTGAGES—*Sufficient Description of Mortgaged Property.*—A description of property in a chattel mortgage as " twenty-three yearling steers, red, roan and black," is sufficient to notify purchasers that the mortgagee claimed an interest in the steers owned by the mortgagor, and parol proof was admissible to identify them as the steers in question.

2. VARIANCE—*In Pleadings and Proof—Description of Property.*—A declaration in replevin described the property replevied as " twenty-three yearling steers, of red, roan and black, mixed colors, all coming two years old in the spring of 1900," while the chattel mortgage under which the plaintiff claimed described the property as "twenty-three yearling steers, red, roan and black. *Held*, that there was no material variance.

**Replevin.**—Appeal from the Circuit Court of Bureau County; the Hon. HARVEY M. TRIMBLE, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

W. H. CASSON and ALFRED R. GREENWOOD, attorneys for appellant.

GEO. S. SKINNER and J. L. SPAULDING, attorneys for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was an action in replevin with a count in trover, brought in the Circuit Court of Bureau County by appellee against appellant and one Frank Wood to recover twenty-three yearling steers or their value. Appellee claims that on October 21, 1899, he sold J. C. Miller a certain lot of cattle, among them being the twenty-three head of yearling steers in question, for the sum of $1,155; that to secure the purchase money said J. C. Miller executed a chattel mortgage to appellee upon the stock purchased, and certain other cattle, which mortgage was duly executed and acknowledged in the manner provided by law, and afterward recorded in the office of the clerk of the Circuit Court of Bureau County; that afterward appellant and Wood bought

a portion of the cattle from J. C. Miller with notice of the mortgage lien, and converted them to their own use. The case was tried before a jury and at the close of all the evidence was dismissed as to defendant Wood. The jury returned a verdict against appellant for $599.52, for which, a motion for a new trial having been overruled, judgment was entered.

Appellant contends that the court below erred in admitting the chattel mortgage above referred to, in evidence, for the reason that it was void for want of a sufficient description of the mortgaged stock and because the description in the mortgage varied from that in the declaration. The mortgage described the stock in question as " twenty-three yearling steers, red, roan and black." The cattle in question here, which are twenty-two head of the steers so described, were purchased of J. C. Miller on February 2, 1900, by appellant, who took possession of them and kept them until February 18, 1900, when he shipped them to market. While it is true that the description of the steers does not describe each one of them particularly and is not as specific as it might have been, yet we think it was sufficient to notify purchasers that appellee claimed an interest in certain steers owned by J. C. Miller and parol proof was therefore admissible to identify them as the steers in question. In Bell v. Prewitt, 62 Ill. 361, where a similar question was before the Supreme Court, it was said:

" The property described was, 'twenty two year-old steers on the same farm;' and the parol proof was necessary to show that the property in controversy and the property mentioned in the mortgage were the same. The record of the mortgage was notice to all subsequent purchasers that the mortgagee had some claim of right to cattle upon the farm; and parol proof was admissible to identify the particular cattle."

It appears from the evidence in this case without contradiction that the steers in question here, were included in the mortgage and that some of them were red, some black, and some with a mixture of those colors. It also appears that the steers described in the mortgage were the only ones

Boyle v. Miller.

owned by J. C. Miller at the time of the sale to appellant. Under such circumstances the mortgage was sufficient to put appellant upon his guard. There was evidence also tending to show that appellant had actual notice of the mortgage. It appeared that Wood, who was a friend of appellant, knew that the cattle were mortgaged and went with him when he bought them; that after the purchase, when witness Dunlevy told appellant the cattle were mortgaged, appellant replied, "Who to—Mac Miller?" a name by which appellee was known; that appellee was at Spring Valley, the home of Wood, on Saturday, February 17, 1900, hunting the cattle, and the next day Wood went to appellant's place, some seven or eight miles distant, where the cattle were; that on the evening of the same day appellant hurriedly started the cattle for the railroad station and shipped them in the night to Chicago, under the name of another person; that after the cattle were shipped appellant told appellee that he had not shipped them and said, " I have your cattle yet." From these facts the jury might reasonably have inferred that appellant knew of the mortgage at the time of his purchase.

The declaration, which was filed March 28, 1900, described the property as " twenty-three yearling steers, of red, roan and black, mixed colors, all coming two years old in the spring of 1900." This description, while not identical with that contained in the mortgage, so fairly corresponded to it that there was no material variance. We are of opinion that under all the circumstances of this case the mortgage was properly admitted in evidence.

It is objected by appellant that the court refused to permit him to fully cross-examine appellee as to the description of the cattle. It is true the court at one time refused to permit an extended cross-examination of appellee on that subject upon the ground that it was sufficient to give a general description of the cattle. This cross-examination might have properly been permitted, but the court afterward in the same cross-examination admitted so full a description of the steers that no injury could have resulted.

It is said by appellant that the court erred in regard to certain instructions given and refused, but as he points out no specific objections, we need not consider them here. The judgment of the court below is therefore affirmed.