## John P. Ryan v. John F. Schutt.

### Gen. No. 4,817.

1. Propositions of law—*effect of failure to present.* Where a case has been tried by a court without a jury and no propositions of law are submitted, the presumption will be indulged that the trial court properly applied the law and there is nothing to review except such questions as may arise upon the rulings upon the evidence or upon the pleadings and the sufficiency of the evi-. dence to support the verdict.

2. Replevin—*what affidavit in, need not contain.* An affidavit in replevin need not contain a statement that the property in question was wrongfully taken.

3. Replevin—*when objections to form of affidavit in, come too late.* Objections to the form of the affidavit in replevin come too late when first raised upon appeal if the objections go to matters which would have been susceptible of amendment in the trial court.

4. Replevin—*when demand not essential.* A demand is not essential to the maintenance of an action of replevin where the property in question was wrongfully taken.

5. Direct examination—*what not undue restriction of.* A question by which counsel seeks to cross-examine his own witness is properly excluded.

6. Contracts—*when may be made on Sunday.* The common law as adopted in this state does not prohibit the making of contracts or the pursuit of ordinary business on Sunday, unless the peace and good order of society is thereby interfered with.

7. Contracts—*when intoxication at time of execution no defense to.* In order to defeat a contract on the ground of intoxication

it must appear that the party at such time was in such condition that he was incapable of understanding the nature of the transaction in which he was engaged.

Replevin. Appeal from the Circuit Court of Kane county; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed August 6, 1907.

JONES & ROGERS, for appellant.

ALDRICH & WORCESTER, T. J. MERRILL and J. C. JAMES, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action of replevin brought by John F. Schutt, appellee, against John P. Ryan, appellant, before a justice of the peace of Kane county, to recover possession of a horse. The case was appealed to the Circuit Court, where a trial was had before the court without a jury, and judgment rendered that plaintiff was entitled to the possession of the property replevied and for costs against the defendant. From this judgment the defendant appeals and assigns a number of errors.

The proof shows that on Sunday, July 2, 1905, the appellant, who is a farmer, attended a baseball game at Maple Park. He drove a black horse hitched to a buggy. Three other parties were with him in the buggy. Appellant does not appear to have remained thirsty during the afternoon and evening, as he and his companions had two small flasks of whiskey and some bottles of beer in the buggy, visited a saloon, and during the afternoon drove to a farmer's home and got some hard cider. In the evening they drove by the farm of appellee, three and one-half miles from appellant's farm, where appellant invited appellee to have some "milk." Appellee did not like whiskey, so he sampled the beer. Appellant then bantered appellee for a horse trade. Appellant and appellee went into

the barn, where appellant looked at a brown mare, and then asked to have the mare led out so he could "see the other end." When the brown mare was led out he called to the parties at the buggy to "unhitch that horse." The trade was made, the black horse turned over to Schutt, and Ryan hitched the brown mare and drove off, saying, "If I beat you, don't squeal, but don't you meet an automobile on the road when you are driving that black horse." The next day appellant worked the brown mare all day and found out she was knee sprung and broken winded. That evening he took the mare back to appellee's farm and wanted to trade back, saying his folks were dissatisfied. Appellee refused to trade back, and appellant went away with his mare. The night of July 4th the black horse was, sometime during the night, taken from appellee's barn without appellee's knowledge or consent, and tied in appellant's barn, and the brown mare tied to a tree in the road near appellee's residence. Appellant disclaims all knowledge of how the horse came back into his possession. The replevin suit was begun by appellee without a demand being made on appellant for the black horse.

No propositions of law were submitted to the trial court, and it must be presumed that the court applied the law correctly. There is nothing for us to review except such questions as may arise upon rulings upon the evidence or upon the pleadings, and the sufficiency of the evidence to support the finding. Downing v. Kirkpatrick, 125 Ill. App. 542; Jones v. Glathart, 100 Ill. App. 630.

It is contended that the affidavit upon which the writ was issued was not sufficient to maintain the action. Appellant insists that it should contain a statement that the property was wrongfully taken. The statute does not contain any such requirement. The statute, sec. 4, chap. 119, requires that an affidavit be filed showing that the plaintiff is the owner of the property about to be replevied and that he is lawfully

entitled to the possession thereof, and that the property is wrongfully detained by the defendant and that it has not been taken for any taxes, etc. The affidavit is in the language of the statute, and an affidavit in the language of the statute is sufficient. Whistler v. Roberts, 19 Ill. 274; Burton v. Curyea, 40 Ill. 320. Further this question was not raised below, where the affidavit could be amended, and it cannot be first raised here.

It is assigned for error that the court improperly sustained an objection to a question asked of one of the companions of appellant, named Eustiss. He was asked the question, "What can you say as to Ryan's condition that Sunday evening at the time of the trade; was he drunk or sober?" He answered, "That I could not swear to." He was then asked, "Have you an impression in that regard?" to which an objection was sustained. The ruling was proper, as appellant was attempting to cross-examine his own witness. It was proper to have the witness tell what were the facts. He had said he did not know as to the fact inquired about, and what his impression might be was not material. An objection was also sustained to the question, "The wagon looked more like a traveling saloon than an ordinary farmer's wagon, didn't it;" asked of Nora Schutt, the eighteen-year-old daughter of appellee. We do not see how that would throw any light on the issue, as it would have to be followed up by a description of a traveling saloon, and it assumed that the subject is a matter of common knowledge among farmers' daughters in Kane county.

No demand was necessary before bringing the suit. The property replevied was taken from the possession of appellee, from his barn in the night time, without his consent. We are unable to see how the taking could be more wrongful. Howard Com. Co. v. National Live Stock Bank, 93 Ill. App. 473; Richey v. Ford, 84 Ill. App. 121.

Appellant insists that because the trade was made

on Sunday it was void, and that appellee acquired no
right to the horse through the trade. Counsel cite the
Mosaic law, Exodus 20:8-10, as authority for their
contention, "Remember the Sabbath day to keep it
holy. Six days shalt thou labor," etc. The present
age is under a new dispensation, although it may be
observed that Exodus 20:15 has been re-enacted in
sec. 167 of the Criminal Code of Illinois, with a tem-
poral penalty added. No propositions of law having
been presented, this question is not before us for re-
view, but if it were, the only legal prohibition in this
state regarding Sunday is in secs. 259 to 262 of the
Criminal Code, and concerns only disturbing the peace
and good order of society. The common law as adopted
in this state does not prohibit the making of contracts
or the pursuit of ordinary business on Sunday, unless
the peace and good order of society is thereby inter-
fered with. Richmond v. Moore, 107 Ill. 429; Collins
Ice Cream Co. v. Stephens, 189 Ill. 200; McCurdy v.
Alaska & Chicago Com. Co., 102 Ill. App. 120.

The testimony of appellant showed that he distinctly
remembered all that occurred in making the trade. He
apparently made an unwise bargain, but at that time
thought he was getting the advantage of appellee in
a horse trade. He was himself satisfied, and approved
the trade by working the horse the following day, and
sought to trade back because of his wife's dissatisfac-
tion. In order to defeat a contract on the ground of
intoxication, it must appear that the party was in such
a condition that he was incapable of understanding the
nature of the transaction in which he was engaged.
Watson v. Doyle, 130 Ill. 415; Shackelton v. Sebree,
86 Ill. 616. The trial court having passed upon the
fact, and there being evidence to sustain the finding,
we should not interfere with the judgment, unless it is
manifestly against the weight of the evidence. This
we are unable to say, from the record. Finding no
error in the case, the judgment is affirmed.

*Affirmed.*