CHARLES MORRISON, Appellee, *vs.* STEPHEN A. MILES *et al.* Appellants.

*Opinion filed October 27, 1915—Rehearing denied Dec. 9, 1915.*

1. DEEDS—*when a purchaser is charged with notice of misdescription in deed.* Where a recorded deed contains a metes-and-bounds description of land, followed by the statement, "conveying 55.15 acres, and is a part of the northeast fractional one-fourth of section 20, township 2, south, range 11, west," and the purchaser takes possession of a tract of the same shape and size in such quarter section and remains in possession thereof for years, a purchaser of the land is charged with notice of a mistake in the beginning point of the metes-and-bounds description, the effect of which was to put the tract described in section 21.

2. EQUITY—*when rule precluding relief against mistake in a written description does not apply.* The rule which precludes a court of equity from granting relief against mistakes of description in a written conveyance does not apply where the purchaser against whom the relief is sought had notice of the mistake and of the land intended to be conveyed.

3. The other questions involved are controlled by the decision in *Kolmer* v. *Miles,* (*ante,* p. 20.)

APPEAL from the Circuit Court of Monroe county; the Hon. GEORGE A. CROW, Judge, presiding.

B. R. BURROUGHS, JOSEPH W. RICKERT, BROWNRIGG & MASON, and E. E. SCHNEPP, for appellants.

WILLIAM R. MORRISON, and TURNER & HOLDER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed by appellee in the circuit court of Monroe county for the partition of certain farm lands. The chief question necessary for a decision is the construction of the will of Stephen W. Miles. The court entered a decree construing that will and finding that appellee and four of the children of said Miles were the tenants in common, in fee simple, of the premises in question, and ordering the partition of the land accordingly. From that decree this appeal was taken.

The land is a part of that of which Stephen W. Miles died seized. The interest of one of the devisees who took under the will became vested in Conrad Kolmer, who conveyed his interest in part of the land to Henry Kolmer, and his interest in another portion (containing about 98 acres) to the appellee herein, Charles Morrison.

The will in this case is the same will that was construed by this court in *Kolmer* v. *Miles*, (*ante*, p. 20,) and the conclusion reached in that case must control on the questions raised as to the proper construction of the will, and the decree herein must be reversed for the reasons there stated.

Another question, however, is raised in this case which was not involved in the one just referred to. Appellants introduced in evidence a deed from William T. Ditch, sole executor of the will of Stephen W. Miles, conveying a portion of the property here in question to Mary E. Quick, dated in April, 1881, and duly recorded that same month. This deed contains a metes-and-bounds description, and following the said description is the statement, "conveying 55.15 acres, and is a part of the northeast fractional one-fourth of section 20, township 2, south, range 11, west." The description by metes and bounds commenced at a point 11.30 chains north of the quarter section corner between sections 20 and 21 in said township and range, and described a tract which according to the courses given would

not lie in the northeast quarter of section 20 but in the northwest quarter of section 21. Certain testimony was introduced tending to show that the land actually intended to be transferred by the executor's deed, and which was occupied by Mary E. Quick thereafter until her death, in 1913, was a tract having the same courses and distances for its metes and bounds as described in the deed, except that it commenced 11:30 chains north of the center of section 20 instead of at the point described in the deed. Mary E. Quick was formerly the widow of said Stephen W. Miles. In 1907 she conveyed to her three sons, Edward, Stephen and Horine, and her daughter, Leonore Gibler, her interest in all the lands assigned to her as homestead and dower, subject to her life estate therein. The evidence shows that the 55.15 acres of land intended to be conveyed by the executor's deed was a part of the land so set off to her for dower and that it was sold by the executor in order to raise money to settle claims against the estate.

Counsel for appellee contend that even though the trial court was in error as to the construction to be put upon the will of Stephen W. Miles, no relief can be obtained by appellants as to said 55.15-acre tract on account of the misdescription in said deed. They base this contention on the rule frequently laid down in this court, that in case of a mistake in a written description, as against *bona fide* purchasers for valuable consideration without notice, courts of equity will grant no relief. (*Sickmon* v. *Wood,* 69 Ill. 329; *Knobloch* v. *Mueller,* 123 id. 554; *Boone* v. *Graham,* 215 id. 511.) This rule might be invoked in this case if the record did not show that appellee had notice. But it has repeatedly been held that if the record discloses facts from which the prospective purchaser might have had notice "had he not willfully or negligently shut his eyes against those lights which with proper observation would have led him to knowledge," he will be charged with no-

tice. (*Doyle* v. *Teas,* 4 Scam. 202; *Chicago, Rock Island and Pacific Railroad Co.* v. *Kennedy,* 70 Ill. 350; *Morrison* v. *Kelly,* 22 id. 609; *Blake* v. *Blake,* 260 id. 70.) When a description in a deed is erroneous and it is apparent what the error is, the record is constructive notice of the deed as to the land intended to be described; and so the record of a deed describing the premises by an impossible sectional number is sufficient to put a purchaser from the same grantor upon inquiry and may charge him with notice of the grant actually made or intended to be made. (2 Jones on Real Property, sec. 1437.) Mrs. Quick remained in possession for years under the deed, which, together with the record thereof, was certainly sufficient to put the purchaser, and all claiming under her, upon notice as to the land that was actually intended to be conveyed. Under very similar errors in the descriptions in deeds this court held the recording of such deeds a sufficient notice of the grant actually made or intended to be made, in *Merrick* v. *Wallace,* 19 Ill. 486, and *Citizen's Nat. Bank* v. *Dayton,* 116 id. 257. The facts in the last case, especially, are almost "on all fours" with those in the case at bar. The reasoning, also, in *Bent* v. *Coleman,* 89 Ill. 364, and in *Slocum* v. *O'Day,* 174 id. 215, and *Weigel* v. *Green,* 218 id. 227, tends to support the conclusion that this description in the deed as recorded, in connection with the fact that the purchaser remained in possession thereunder for so many years, was sufficient to make it the duty of any purchaser thereafter to inquire into the true state of facts as to the land actually intended to be conveyed by said deed.

We have considered the only questions raised by counsel. For the reasons already suggested, the decree will be reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*