FREDERICK A. THORPE, Appellee, *vs.* JOSEPH W. HELMER
*et al.*—(JACOB GLOS, Appellant.)

*Opinion filed October 24, 1916.*

1. JUDGMENTS AND DECREES—*to what interest in real estate of judgment debtor the lien of a judgment attaches.* The lien of a judgment attaches, in the absence of actual notice, not only to the interest which the judgment debtor may actually have in real estate but to whatever interest the records disclose in him, and a purchaser and a judgment creditor having a lien stand upon the same equity.

2. SAME—*judgment lien is free from claims of third parties in absence of notice, actual or constructive.* A judgment on a promissory note becomes a lien on all property appearing of record, free from the claims of all other persons of which the judgment creditor had no notice, either actual or constructive, and when there is no actual notice of a trust deed the lien will not be affected by the trust deed unless the record of it is constructive notice.

3. SAME—*right of assignee to enforce lien of a judgment where there are no equities between the judgment creditor and judgment debtor.* The assignee of a judgment acquires only the equitable right of the judgment creditor, subject to the equities that may exist between the judgment debtor and the judgment creditor; but where there are no equities between such debtor and creditor, an assignee of the judgment is entitled to enforce the lien of it on the debtor's real estate by execution to the same extent as the creditor was entitled.

4. SAME—*unrecorded mortgage for purchase money has no effect on lien of subsequent judgment.* A mortgage to secure the purchase money, even though not recorded, takes precedence over a prior judgment lien against the vendee; but such unrecorded mortgage has no effect on the lien of a subsequent judgment, by reason of section 30 of the Conveyances act.

5. MORTGAGES—*fact that mortgage notes were given for purchase money is immaterial where the description does not identify property.* Where the description of the premises in a trust deed does not identify the property, the fact that the notes were given for the purchase money is immaterial upon the question whether the record of the trust deed is constructive notice of what was intended to be conveyed.

6. SAME—*recital of a mortgage in an inventory is not notice to holder of judgment secured prior to the inventory.* The recital of

a mortgage in an inventory of the deceased debtor's estate does not tend to show constructive notice to the holder of a judgment secured two years before the inventory was filed.

7. DEEDS—*the record of a deed is constructive notice only to parties in same chain of title.* The record of a deed is constructive notice only to parties holding the same chain of title, and a purchaser is not required to examine every record that might by some possibility affect real estate before he can safely take the title.

8. SAME—*when a purchaser will be held to knowledge of misdescription apparent on the face of the deed.* Where a description in a conveyance in a chain of title is erroneous and the error is apparent on the face of the instrument and is of such a character as would lead a purchaser of ordinary prudence to make inquiry as to the land intended to be described, and the inquiry would have led him to knowledge of the true condition of the title, he will be held to such knowledge.

9. SAME—*record of an instrument affecting title is constructive notice only so far as land is correctly described.* The record of an instrument affecting the title to land is constructive notice only so far as the land is correctly described, unless it is apparent from the record itself that there is a misdescription.

10. SAME—*when purchaser is not chargeable with notice of error in description.* Where there is an error in the description of land in a trust deed, so that property in a subdivision of section 16 is conveyed instead of property in section 26, as was intended, the error is not apparent on the face of the deed and a purchaser is not chargeable with notice of the error, where there is nothing in the description to indicate that there was not such a subdivision in section 16 and nothing to indicate that the land intended to be conveyed was in section 26.

APPEAL from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellant.

BUELL & ABBEY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal by Jacob Glos from a decree of partition rendered by the circuit court of Cook county in the case of Frederick A. Thorpe against Joseph W. Helmer and

Jacob Glos, finding title in fee in Frederick A. Thorpe and Joseph W. Helmer, awarding partition between them, and finding that Jacob Glos had no interest in the premises except the right to re-payment of certain taxes. Glos claims sole ownership in fee of the premises.

There is one question going to the merits which is decisive of the case and will be the only question considered. The appellant's title is derived through a judgment against William G. Waddell and the appellees' through a mortgage from the same person, and the question in the case is, which has the superior title?

The property in controversy is described as lots 4 and 5, in block 16, in the subdivision by John G. Shortall, trustee, of the north half of the northeast quarter of section 26, township 38, north, range 14, east of the third principal meridian, situated in the city of Chicago, in the county of Cook, in the State of Illinois. Lyman E. Crandall conveyed these lots by warranty deed dated July 5, 1890, filed for record August 11, 1890, to William G. Waddell. By a trust deed bearing the same date, Waddell conveyed to Henry T. Miller property of the same description as that mentioned in the deed from Crandall to Waddell, except that the lots were stated to be in section 16 instead of 26. This trust deed was given to secure the payment of two notes of the same date,—one for $825, the other for $800,—payable in one and two years after date, respectively, to the order of William G. Waddell, and contained the statement, "Above notes are given for part purchase money." Waddell died in 1897 leaving a will, which disposed of his real estate but contained no specific description of it. His widow, who was the executrix of the will, included in her inventory of real estate, which was filed on April 21, 1899, the lots by the correct description, reciting that the title was acquired by warranty deed from Lyman E. Crandall dated July 5, 1890, and that they were incumbered by a trust deed to Henry T. Miller, trustee, dated July 5, 1890,

for $1625. On January 4, 1901, a bill was filed in the circuit court of Cook county by James B. White and Henry T. Miller, trustee, to foreclose the trust deed, describing the lots as they were described in the trust deed. A decree of foreclosure was rendered, the premises were sold to James B. White, and later a master's deed was made to Elsie White and Mary S. White, who had succeeded to James B. White's interest, he having died. In this deed, as in all the foreclosure proceedings, the description corresponded with the erroneous description in the trust deed. On November 18, 1913, Elsie White and Mary S. White by quitclaim deed conveyed the lots by the correct description to Joseph W. Helmer. On May 4, 1914, he quit-claimed an undivided one-fourth interest in the lots to Frederick A. Thorpe, who filed the bill for partition on July 31, 1914. On October 30, 1896, the Chicago Title and Trust Company, as assignee of George L. Magill, insolvent, recovered a judgment against William G. Waddell in the circuit court of Cook county on two notes indorsed to George L. Magill, for $5635.78 and costs, on which an execution was issued November 11, 1896, which was returned "no property found." On January 28, 1903, an *alias* execution was issued on the judgment, which bore an indorsement that the judgment had been assigned to Jacob Glos by the Title Guarantee and Trust Company, assignee of George L. Magill. This writ was returned the next day, and notice having been given to Elsie Waddell, executrix of the will of William G. Waddell, of the rendition of the judgment, the issuance and return of execution thereon, the assignment of the judgment to Jacob Glos, that the same was a lien upon his real estate and at the expiration of three months *alias* execution would be issued, a *pluries* execution was issued July 28, 1903, which was levied on the lots in question. They were sold by the sheriff, and after the expiration of the time of redemption a sheriff's deed was executed to Jacob Glos on December 5, 1904.

Under our statutes the lien of a judgment attaches, in the absence of actual notice, not only to the interest which the judgment debtor may actually have in real estate but to whatever interest the records disclose in him, and a purchaser and a judgment creditor having a lien stand upon the same equity. (*Martin* v. *Dryden,* 1 Gilm. 187; *Massey* v. *Westcott,* 40 Ill. 160; *Smith* v. *Willard,* 174 id. 538.) The judgment of the Chicago Title and Trust Company became a lien on all property appearing of record in William G. Waddell, free from the claims of all other persons of which it had no notice, either actual or constructive. There is no claim that it had actual notice of the trust deed to Henry T. Miller. Its title was therefore not affected by that trust deed unless the record of it was constructive notice that it was intended to convey lots in section 26 instead of section 16. The judgment was not assignable so as to convey the legal title. The assignee of a judgment acquires only the equitable right of the judgment creditor. He is bound by any equities that may exist between the judgment creditor and the judgment debtor. (*Yarnell* v. *Brown,* 170 Ill. 362.) In this case, however, there were no equities between the Chicago Title and Trust Company and Waddell. Glos, by the assignment of the judgment, became entitled to enforce the lien of it on Waddell's real estate by execution to the same extent as the Chicago Title and Trust Company was entitled. He was not affected by any equities which would not affect his assignor. His rights are the same as if the Chicago Title and Trust Company had purchased the property of William G. Waddell on the date the judgment was rendered and had then conveyed it to appellant. The question is not affected by the fact that the mortgage was given for purchase money. A mortgage to secure the purchase money of land, even though not recorded, takes precedence over a prior judgment lien against the vendee. (*Roane* v. *Baker,* 120 Ill. 308.) But this rule has no application to a subsequent judgment. The Record-

ing law applies only to subsequent and not to prior purchasers, and the failure to record a mortgage, though not affecting it as to prior creditors or purchasers, (*Elder* v. *Derby,* 98 Ill. 228,) by reason of section 30 of the Conveyance act, made it void as to subsequent purchasers without notice.

The only question remaining is whether the record of the trust deed was constructive notice that it was intended to convey the lots in section 26. This question is not affected by the recital that the notes secured were given for purchase money. If the description of the premises did not identify the property, the fact that the notes were given for purchase money was immaterial and did not tend to identify the property any more clearly. The recital in the inventory of Waddell's estate did not tend to show constructive notice, for that inventory was not filed until more than two years after the recovery of the judgment by the Chicago Title and Trust Company. The record of a deed is constructive notice only to parties holding in the same chain of title, and a purchaser is not required to examine every record that might by some possibility affect real estate before he can safely take the title. (*Rohde* v. *Rohn,* 232 Ill. 180; *Chicago and Eastern Illinois Railroad Co.* v. *Wright,* 153 id. 307.) When a description in a conveyance in a chain of title is erroneous and the error is apparent on the face of the instrument and of such a character as would lead a purchaser of ordinary prudence to make inquiry as to the land intended to be described, and inquiry would have led him to knowledge of the true condition of the title, he will be held to such knowledge. (*Morrison* v. *Miles,* 270 Ill. 41; *Citizens' Nat. Bank* v. *Dayton,* 116 id. 257; *Bent* v. *Coleman,* 89 id. 364.) In this case, however, there was no error apparent on the face of the trust deed,—nothing to lead to inquiry. The property was described as in the subdivision by John G. Shortall, trustee, of the north half of the northeast quarter of section 16. The proof shows that there is only one subdivision in Cook county by John

G. Shortall, trustee, and that it is in section 26, but there is neither allegation nor proof that the Chicago Title and Trust Company knew that fact. In any event, it was not required to look for the record of title to a lot of land in section 16. The record of an instrument affecting the title to land is constructive notice only so far as the land is correctly described, unless it is apparent from the record itself that there is a misdescription. (*Slocum* v. *O'Day,* 174 Ill. 215; *Harms* v. *Coryell,* 177 id. 496.) There is nothing in the description to indicate that there was not a subdivision by John G. Shortall, trustee, in section 16, and nothing to indicate that the land intended to be conveyed was in section 26.

The decree will be reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*