554        APPELLATE COURTS OF ILLINOIS.

Southern Illinois Nat. Bk. of E. St. L. v. Thaxton, 224 Ill. App. 554.

## Southern Illinois National Bank of East St. Louis, Appellant, v. Melvin Thaxton, Sheriff, Appellee.

1. CHATTEL MORTGAGES—*effect of failure of mortgagee to take possession where property located in another county.* Under sections 2 and 4 of the Chattel Mortgage Act (Cahill's Ill. St. ch. 95, ¶¶ 2, 4), requiring mortgages to be acknowledged and filed for record in the county where the mortgagor resides, regardless of the fact that the property may be in another county, the mortgage on property in another county was executed and recorded in due form in the county of the mortgagor's residence, and, therefore, although the mortgage contained the usual clause that if the mortgagor should remove the property out of the county the mortgagee should have the right to take possession, the failure of the mortgagee to take possession did not invalidate the mortgage as to an execution creditor in the county in which such property was located.

2. CHATTEL MORTGAGES—*effect of mortgagee's failure to take possession of property on breach of mortgage provision.* Where a chattel mortgage provides for a qualified possession by the mortgagor, the mortgagee is not bound to take possession when a provision of the instrument is violated before the maturity of the debt, but he may waive the breach without endangering the lien.

3. CHATTEL MORTGAGES—*sufficiency of description of property.* A description of "one ten-ton steam roller and one two and one-half ton steam roller" in a chattel mortgage was sufficient to charge an execution creditor with notice that the mortgagee claimed an interest in such property belonging to the mortgagor; and parol evidence *was admissible to identify such articles as those described* in the mortgage, and to show that the mortgagor owned no other steam rollers.

4. CHATTEL MORTGAGES—*effect of failure to state location of property.* A chattel mortgage filed in the county of the mortgagor's residence on property located in another county was not invalid in not stating the location of the property, as the statute does not require that such location be stated; and it has been held that location is not a necessary part of the description and an erroneous statement in that regard does not vitiate the mortgage.

Appeal from the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed March 24, 1922.

Kramer, Kramer & Campbell and Martin & Glenn, for appellants; George P. Ramsey, of counsel.

W. W. Skaggs and Ed. M. Spiller, for appellee.

Mr. Justice Barry delivered the opinion of the court.

Meyer & Thomas Construction Company, a corporation of St. Clair county, Illinois, executed and delivered to appellant, another corporation of the same county, a chattel mortgage on "one ten-ton steam roller and one two and one-half-ton steam roller" together with other property, to secure the payment of a certain note for $8,000. The mortgage was duly acknowledged and recorded in St. Clair county and contained the usual provisions, one of which was to the effect that if the mortgagor should remove the property out of the said county the mortgagee should have the right to take possession thereof and to sell and dispose of the same and apply the proceeds on the debt.

Before the maturity of the mortgage note, C. F. Miles secured a judgment against the mortgagor in the circuit court of Williamson county, upon which an execution was issued and delivered to appellee, who levied the same upon the two steam rollers. Thereupon appellant sued out a writ of replevin and upon a hearing before the court, without a jury, the issues were found in favor of appellee and a judgment rendered for the return of the property to him. From that judgment this appeal has been perfected.

The propositions of law submitted by appellee and held by the court show, very clearly, that the case was tried on the theory that the fact that the property was at Marion, Illinois, operated as a breach of one of the terms of the mortgage and that upon such breach it was the duty of appellant to take possession, and having failed to do so within a reasonable time—even though the mortgage debt was not due—the mortgage

was void as against execution creditors of the mortgagor.

If the mortgagor is to have possession of the property the instrument must so provide. Chattel Mortgage Act, sec. 1 (Cahill's Ill. St. ch. 95, ¶ 1). Under sections 2 and 4 of the Act (Cahill's Ill. St. ch. 95, ¶¶ 2, 4) the mortgage must be acknowledged and filed for record in the county where the mortgagor resides regardless of the fact that the property may be in another county. By section 4 it is provided that when the mortgage is properly acknowledged and recorded it shall be good and valid from the time it is filed for record until the maturity of the entire debt or obligation, but such time shall not exceed three years from the filing of the same for record.

It will be seen, therefore, that the mortgage in question was executed and recorded in due form of law even though the steam rollers were at Marion, Illinois, at the time of its execution and remained there until the levy of the execution. If they were at Marion when the mortgage was executed and remained there until the levy, as contended by counsel for appellee, we cannot understand how it can be said that after the execution of the mortgage the property was removed from St. Clair county contrary to the provisions thereof.

The only requirement of the statute in regard to possession of the property is that if possession is to remain with the mortgagor the instrument shall so state. The court held, in a very early case, that the parties may qualify the right of possession in the mortgagor. *Prior v. White,* 12 Ill. 261. When so qualified, as in the case at bar, the mortgagee is not bound to take possession when a provision of the instrument is violated before the maturity of the debt, but may waive the breach without endangering his lien. *Wilson v. Rountree,* 72 Ill. 570; *Keelin v. Postlewait Co.,* 259 Ill. 130. The cases relied upon by

counsel for appellee are cases where the default was in nonpayment of the debt when due and are not applicable to this case.

There is no escape from the conclusions that the court erred in its rulings on the propositions of law. Counsel for appellee contend that the judgment is right and should be affirmed, in any event, because the property in question was not sufficiently described. They cite authorities from other States which indicate that, under the law in those States, the description is insufficient. There is no uniformity in the decisions of the courts upon the question as to what is a sufficient description.

A description of "one engine and one boiler" is sufficient. *Nelson v. Howison,* 122 Ala. 573, 25 So. 211. So, also, is one of "eighteen cows, three yearling heifers and five heifer calves," where the mortgagor owns no other animals of such description. *Desany v. Thorp,* 70 Vt. 31, 39 Atl. 309.

A description, which would be otherwise insufficient, is often rendered sufficiently definite by proof that the property named is all of that particular kind owned by the mortgagor. 5 R. C. L. 423; *Boyle v. Miller,* 93 Ill. App. 627. In the case at bar, the evidence shows that the mortgagor owned no other steam rollers.

The general rule is that a description which will enable a third person, aided by inquiries which the instrument itself suggests, to identify the property is sufficiently definite. 5 R. C. L. 423; 6 Cyc. 1022; 11 Corpus Juris 458; *Boyle v. Miller,* 93 Ill. App. 627; *Morrison v. Elzy,* 190 Ill. App. 374-380. Where the description is so particular that the property can be identified as that described in the mortgage and answers the general description, it is sufficient. *Pike v. Colvin,* 67 Ill. 227.

The rule that the description must be sufficiently specific to afford third persons the means of identifying the property applies to all mortgages both chattel

and real estate. *First Nat. Bank of Joliet v. Adam,*
138 Ill. 483; *Chicago Title & Trust Co. v. Fine Arts
Building,* 288 Ill. 142-152. Any description of land
in a deed by which the property may be identified
by a competent surveyor, with reasonable certainty,
either with or without the aid of extrinsic evidence,
is sufficient. *Smiley v. Fries,* 104 Ill. 416; *Mason v.
Merrill,* 129 Ill. 503. The same rule applies to mort-
gages. 19 R. C. L. 288.

Whatever is sufficient to put a party on inquiry
which would lead to the truth is, in all respects, equal
to and must be regarded as notice. *Citizens' Nat.
Bank v. Dayton,* 116 Ill. 257; *Blake v. Blake,* 260 Ill.
70; *Thorpe v. Helmer,* 275 Ill. 86.

Where the property was described as "twenty two-
year old steers on the same farm," it was held that
the record of the mortgage was notice to all subse-
quent purchasers that the mortgagee had some claim
of right to cattle upon the farm; and parol evidence
was admissible to identify the particular cattle. *Bell
v. Prewitt,* 62 Ill. 361. If the cattle were not on the
farm, parol evidence would be admissible to identify
them. *Myers v. Ladd,* 26 Ill. 415.

Where the property was described as "twenty-three
yearling steers, red, roan and black," the evidence
showed that some of the steers were red, some black and
others with a mixture of those colors. It also showed
that those described in the mortgage were the only
ones owned by the mortgagor at the time the mort-
gage was executed. It was held that the description
was sufficient to notify purchasers that the mortgagee
claimed an interest in certain steers owned by the
mortgagor and parol evidence was admissible to iden-
tify them as the ones described in the mortgage. *Boyle
v. Miller,* 93 Ill. App. 627.

Counsel for appellee make the further contention
that an erroneous statement in the mortgage as to
the location of the property invalidates the instrument

as against the rights of third persons. In the case at bar, the mortgage did not state the location of the property, nor did the statute require that it should do so. But it has been held that the location of the property is not a necessary part of the description and an erroneous statement in that regard does not vitiate the mortgage. *Spaulding v. Mozier,* 57 Ill. 148; *Myers v. Ladd,* 26 Ill. 415.

The description was sufficient to charge the execution creditor with notice that appellant claimed an interest in "one ten-ton steam roller and one two and one-half-ton steam roller" belonging to the mortgagor and parol evidence was admissible to identify them as those described in the mortgage.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*