## Blake-Silkwood Motor Company et al., Appellees, v. James A. Spires, Appellant.*

1. REPLEVIN—*change in affidavit upon entry of new defendant.* Upon the point being raised in the trial court that a new defendant had been made party to a replevin suit, a new or amended affidavit can be filed in replevin where an amended declaration brings in an additional defendant.

2. APPEAL AND ERROR—*objection first raised on appeal.* The objection that a new affidavit had not been filed in replevin after the appearance of an additional defendant cannot be first raised on appeal.

3. REPLEVIN—*right of chattel mortgage assignee.* The assignee of a chattel mortgage may, upon condition broken, maintain an action of replevin for the recovery of the mortgaged property.

4. CHATTEL MORTGAGES—*time when breach occurs.* When several notes maturing at different times are secured by chattel mortgage, and conditions of the mortgage are broken on default in payment of any

* Received from clerk of Appellate Court, August 8, 1927.

one of the notes, it is optional with the mortgagee to take possession on the first default or to await maturity of the last note; and the same rule applies where there is one note payable in instalments.

5. CHATTEL MORTGAGES—*rights not lost by delay in taking possession.* The assignee of mortgaged goods, taking them before the debt matures under a mortgage duly recorded, has constructive notice and cannot complain that the mortgagee has lost its rights by delay in taking the goods into possession upon the maturity of the debt.

6. SAVING QUESTIONS FOR REVIEW—*objection to defective mortgage acknowledgment.* The objection that nothing in the record showed that the justice of the peace before whom the acknowledgment of a chattel mortgage was taken resided in the mortgagor's precinct or where the property was located, cannot be considered on appeal where the objection was not made at the trial in replevin.

7. CHATTEL MORTGAGES—*sufficiency of note.* The provision of a note, "This note covers deferred instalments under a chattel mortgage made this day between the payee and maker hereof," sufficiently shows that the note was secured by a chattel mortgage.

8. CHATTEL MORTGAGES—*effect on lien of failing to exercise rights for breach.* If a clause in a chattel mortgage prohibiting a transfer by the mortgagor without the mortgagee's written consent authorizes the latter to possession on the breach, that is only an option to the mortgagee and he does not lose his lien on failure to take possession upon such a default.

Appeal by defendant from the City Court of West Frankfort; the Hon. WILLIAM G. MITCHELL, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed March 10, 1924.

J. E. CARR and GEORGE SAWYER, for appellant.

WILLIAMS, LEWIS & COFFEY and H. R. DEAL, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

On August 30, 1921, the Blake-Silkwood Motor Company sold a Buick car to a Mr. Felcher who made a cash payment and gave a note and mortgage to secure the balance of the purchase price. The note was payable in ten monthly payments, the last of which was due June 30, 1922. Early in 1922, Mr. Felcher bought

a new car from Bidwell & Crawford and turned in the Buick car as part payment. Bidwell & Crawford knew there was a mortgage on the Buick car but relied upon Mr. Felcher's promise that he would clear it. On April 29, 1922, Bidwell & Crawford sold the Buick car to appellant who was not advised that there was a mortgage against it. On September 12, 1922, Blake-Silkwood Motor Company began this suit in replevin against Joseph Spires for the recovery of the Buick car. Later appellant was made a defendant. The declaration consists of two counts, one that defendant unlawfully took and the other that they unlawfully detained the car. Appellant entered his appearance in writing and joined with the other defendant, who is his son, in pleas of *non cepit, non detinet* and property and right to possession in appellant. The trial resulted in a verdict and judgment in favor of the plaintiff.

When the suit was originally begun against Joseph Spires a proper affidavit for the writ was filed. An amended declaration was afterwards filed making appellant a defendant but no new or amended affidavit was filed. Appellant entered his appearance and pleaded to the amended declaration. At no time, in the trial court, did he raise any question as to the lack of a new or amended affidavit. He admits that the court had jurisdiction of the parties and the subject matter, but insists that without a new affidavit it had no authority to proceed with the trial of the case. If the question had been raised in the trial court a new or amended affidavit could have been filed and it is now too late to complain. *Ryan v. Schutt,* 135 Ill. App. 554.

The note and mortgage were assigned by the mortgagee to General Motors Acceptance Company, and reassigned to the mortgagee. When suit was begun the entire debt was past due and the mortgagor and his assigns were in default. The assignee of a chattel mortgage may, upon condition broken, maintain an

action of replevin for the recovery of the mortgaged property. *Barbour v. White*, 37 Ill. 164. Appellant insists that the mortgagor was in default on some of the monthly payments long before he purchased the car; that it was the duty of appellee to have taken possession promptly upon default and having failed to do so it lost its right of property and possession. Appellant, however, became the purchaser before some of the payments were due. When several notes, maturing at different times, are secured by chattel mortgage, and the conditions of the mortgage are broken on default in payment of any one of the notes, it is nevertheless optional with the mortgagee to take possession on the first default or to await the maturity of the last note. *Barbour v. White*, 37 Ill. 164. By waiting until the last note is due he does not endanger or lose his lien. *Southern Illinois Nat. Bank of East St. Louis, v. Thaxton*, 224 Ill. App. 554. The same rule of law applies where there is but one note and it is payable in instalments. *Keelin v. Postlewait Co.*, 259 Ill. 130. It is also insisted that, in any event, when the debt had fully matured on June 30, 1922, it became the duty of appellee to promptly take possession of the mortgaged property and having failed to do so it lost its rights of property and possession. Appellant overlooks the fact that the mortgage was duly recorded and that he became the purchaser before the maturity of the debt. He had constructive notice and, under the circumstances stated, cannot be heard to say that the mortgagor has lost any right, because it was not diligent in taking the property into possession. *Arnold v. Stock*, 81 Ill. 408; *Sondheimer v. Graeser*, 172 Ill. 297.

It is insisted that there is nothing in the record to show that the justice of the peace, before whom the mortgage was acknowledged, resided in the same precinct of the mortgagor or where the property was located. When the mortgage was offered in evidence appellant interposed numerous specific objections to

its introduction, but not the one now urged. We cannot consider objections which were not made in the trial court.

It is argued that the mortgage was void as to third parties because the note, which it was intended to secure, does not state upon its face that it is secured by chattel mortgage. The note contains the following provision: "This note covers deferred installments under a chattel mortgage made this day between the payee and maker thereof." We are of the opinion that the foregoing language meets the requirements of the statute. No one could fail to understand that the note was secured by chattel mortgage.

Appellant in his reply argues a point not raised in his original brief and argument. For that reason, alone, we might very well refuse to consider it as appellee has no chance to answer it. It is insisted that under the terms of the mortgage the possession of the property was only to remain with mortgagor so long as the conditions of the mortgage were fulfilled; that one of the conditions was that the mortgagor should not transfer any interest in the property without the written consent of the mortgagee; that as the mortgagor sold the car to Bidwell & Crawford without such consent, there was a default which made it the duty of appellee to take possession of the car within a reasonable time thereafter and, having failed to do so, it lost its lien as against appellant who subsequently purchased the car.

Under the statute the mortgage was a valid lien from the time it was filed for record until the maturity of the entire debt or obligation. The clause in the mortgage which prohibited a transfer or sale by the mortgagor without the written consent of the mortgagee did not authorize the mortgagee to take possession in the event there was a breach thereof. But if it had contained such a provision it would be an option on the part of the mortgagee and he would not

lose his lien because he failed to take possession upon such a default. *Wilson v. Rountree*, 72 Ill. 570. If appellant's contention is sound, a mortgagee would be required to watch the mortgagor and the mortgaged property so closely that he would know when a sale was made in order that he might act promptly in taking possession at the risk of losing his lien. The mortgage also contains a provision that the mortgagor shall not use the car for hire without the written consent of the mortgagee. Would any one contend that if he violated that provision without the knowledge or consent of the mortgagee the latter would lose his lien unless he took possession promptly following such breach? In the case at bar there is positive evidence that appellee did not know the car had been sold by the mortgagor until about the time this suit was begun. The law is not so unreasonable as to hold that it lost its lien for a failure to take possession because of a breach of which it had no knowledge.

As no reversible error has been pointed out the judgment is affirmed.

*Affirmed.*