**Ella C. Coleman, Complainant, v. John E. Mulcahey et al., Defendants.**

**William R. Bach, Appellee, v. Melvin State Bank and Commercial State Bank of Melvin, Appellants. Lucy Mulcahey et al., Defendants.**

### Gen. No. 7,969.

1. NOTICE AND RECORD OF TITLE—*implied notice of error in description where lands recited to be those occupied by grantors.* Constructive notice on the record sufficient to put judgment creditors on inquiry that would show a mortgage covered land later made subject to their judgments, is given by the words: "All being lands now occupied by the mortgagors, and all lands owned by them" in the general description of property in the mortgage though the land was misdescribed in the special description.

2. MORTGAGES—*when mortgage assignment sufficient to convey assignor's interest to assignee.* Assignment of mortgage in consideration of $110, and an amount due to assignee for legal services, was for a valuable consideration and was sufficient in law to transfer to the assignee the rights and interests of the assignor in the mortgage.

3. MORTGAGES—*assignment as giving assignee benefit of lien priorities held by assignor.* Assignment of mortgage for valuable consideration gives to assignee any priorities of lien held by the assignor.

Appeal by defendants under cross bill from the Circuit Court of Ford county; the Hon. FRANK LINDLEY, Judge, presiding. Heard in this court at the April term, 1926. Affirmed. Opinion filed November 6, 1926.

F. M. THOMPSON, for appellants.

WILLIAM A. BITHER, for Ella C. Coleman, complainant.

WILLIAM R. BACH and FRANK GILLESPIE, for William R. Bach and Lucy Mulcahey, defendants.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case, Ella C. Coleman filed a bill in the circuit court of Ford county against John E. Mulcahey, Katharine Mulcahey, Charles E. Coleman, trustee, Lucy Mulcahey, Melvin State Bank, Commercial State Bank of Melvin, William R. Bach, William E. Thompson, to foreclose a trust deed made February 10, 1920, by John E. Mulcahey and Katharine Mulcahey, to secure an indebtedness represented by a promissory note for $25,000, and coupon notes for interest. This trust deed covered the S. 1-2 of N. W. 1-4 and the N. 1-2 of the S. W. 1-4 of Sec. 22 in Township 25 N. Range 8 E. of the 3rd p. m. in Ford county. Answers were filed by the defendants in the bill, except John E. Mulcahey and Katharine Mulcahey, and the bill was taken as confessed as to them. The rights of the complainant, Ella C. Coleman, under her trust deed, are not contested, and are not involved in this appeal.

The contest in this case grows out of the allegations of a cross bill which was filed by the appellee, William R. Bach, as assignee of a mortgage made by John E. Mulcahey and Katharine Mulcahey on September 12, 1922, to Lucy Mulcahey. The cross bill seeks foreclosure of the mortgage referred to and prays for particular affirmative relief with reference to a portion of the property embraced also in the Coleman trust deed, namely the S. 1-2 of the N. W. 1-4 of Sec. 22. It is alleged in the cross bill that, by mistake of the scrivener of the mortgage, the figures "21" designating the section were written into the mortgage, instead of the figures "22." It is alleged that the property intended to be conveyed by the mortgage in question, however, is clearly designated by the general description of the premises intended to be mortgaged, following the particular description of the premises. This general description of the property refers to the particular parts of the property described as follows:

"All being lands now occupied by the mortgagors, and all lands owned by them." The right to the affirmative relief prayed for in the cross bill is contested by the appellants, Melvin State Bank and Commercial State Bank of Melvin, who are judgment creditors. The Melvin State Bank obtained a judgment in the circuit court of Ford county on October 31, 1924, subsequent to the recording of the mortgage in question, again Katharine Mulcahey and John E. Mulcahey for $4,494.22, and on the same day the Commercial State Bank of Melvin obtained a judgment in the circuit court of Ford county against John E. Mulcahey and Katharine Mulcahey for $5,784, and William E. Thompson also obtained a judgment on the same day in the circuit court of Ford county for $389 against John E. Mulcahey. The court below by its decree granted the relief prayed for in the cross bill, and corrected the error in the description of the property mortgaged, and also decreed that the lien of the corrected mortgage was prior to the liens of the several judgments of appellants. From this decree an appeal is prosecuted.

It is contended that the error in the description was not an error which was apparent on the face of the mortgage; that therefore the appellants had no notice that the mortgaged land was in Section 22 instead of Section 21, nor that Section 22 was the one intended to be conveyed by the mortgage, and that under these circumstances the liens of the judgment creditors became effective at the time of the rendition of the judgment, and were superior to the lien of appellee's mortgage. We cannot agree with this contention. It appears from the proofs in the record, and is not denied, that the mortgagors owned and occupied the S. 1-2 of the N. W. 1-4 of Section 22, in fact their residence was on this land, not only at the time of the making of the appellee's mortgage, but they had occupied this land as a homestead for a number of years

prior thereto; and they did not own nor occupy the S. 1-2 of the N. W. 1-4 of Section 21. We are of opinion that, by the clause in the mortgage referred to, that the land mortgaged was land which the mortgagors owned and occupied, there was constructive notice apparent upon the record and legally sufficient to put the appellants upon inquiry concerning the correctness of the description, and which inquiry, if followed, would necessarily have led them to ascertain the mistake that was made. "One having notice of such facts as would put a prudent man on inquiry is chargeable with knowledge of other facts which he might have discovered by diligent inquiry." *Blake v. Blake,* 260 Ill. 70; *Bent v. Coleman,* 89 Ill. 364; *Citizens' Nat. Bank v. Dayton,* 116 Ill. 257; *Morrison v. Miles,* 270 Ill. 41; *Southern Illinois Nat. Bank of East St. Louis v. Thaxton,* 224 Ill. App. 554. And *Thorpe v. Helmer,* 275 Ill. 86, is to the same effect. In that case the court clearly pointed out: "When a description in a conveyance in a chain of title is erroneous and the error is apparent on the face of the instrument and of such a character as would lead a purchaser of ordinary prudence to make inquiry as to the land intended to be described, and inquiry would have led him to knowledge of the true condition of the title, he will be held to such knowledge."

Appellants also contend that because their judgments had been entered over four months before the assignment of appellee's mortgage, their equities are superior; and a question is also raised about the sufficiency of the consideration for the assignment, which was a payment of $110 by the assignee to a mortgagee holding a prior lien, and an amount due the appellee for legal services rendered to the assignor. In reference to the latter contentions, it is evident that the consideration referred to was valuable and was sufficient in law to transfer to the assignee the rights and interests of the assignor in the mortgage, and that

whatever lien and priorities the assignor had under the mortgage passed by the assignment. 27 Cyc. 1300. *Thorpe v. Helmer, supra.*

For the reasons stated, the decree is affirmed.

*Affirmed.*