(No. 12366.—Judgment affirmed.)

MICHAEL HAYES *et al.* Defendants in Error, *vs.* THOMAS CAREY, JR., *et al.*—(JAMES CLEARY, Plaintiff in Error.)

*Opinion filed February 20, 1919—Rehearing denied April 2, 1919.*

1. DEBTOR AND CREDITOR—*judgment lien attaches to whatever interest in land the records disclose in judgment debtor.* The lien of a judgment attaches, in the absence of actual notice, not only to the interest which the judgment debtor may actually have in real estate but to whatever interest the records disclose in him, and the judgment creditor having a lien has the same rights as a purchaser.

2. SAME—*recording of contract to purchase land gives creditor of purchaser no additional right.* The recording of a contract for the purchase of land gives no additional rights to a judgment creditor of the proposed purchaser, and if the latter has by abandonment or forfeiture lost his right to enforce the contract, the judgment creditor, although having no notice of the abandonment or forfeiture, can obtain nothing by a sale, on execution, of the alleged interest of the purchaser in the land.

3. SAME—*equity may restrain sale on execution where a deed will only constitute a cloud.* Upon the same principle by which courts of chancery exercise their jurisdiction for the removal of a cloud upon title they may entertain jurisdiction of a bill to restrain a sale on execution, where a deed resulting from such sale will convey no title but only constitute a cloud upon the title of the true owner.

4. CONTRACTS—*the abandonment of a written contract may be deduced from circumstances—Statute of Frauds.* A rescission or abandonment of a contract in writing may be deduced from circumstances or a course of conduct clearly showing such abandonment, and the Statute of Frauds has no application to a bill seeking a cancellation of the record of a forfeited contract for the purchase of land.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. C. F. IRWIN, Judge, presiding.

EDWARD D. SHURTLEFF, and ERNEST C. LUTHER, for plaintiff in error.

McHENRY & DUSHER, (CHARLES B. HAZLEHURST; of counsel,) for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

A writ of *certiorari* was awarded to bring up the record of the Appellate Court for the Second District in a cause brought to that court by an appeal by James Cleary, a judgment creditor of Thomas Carey, Jr., from a decree of the circuit court of Kane county which enjoined the sheriff from selling under execution the interest of Carey in a certain farm and set aside and canceled as a cloud upon the title of the defendants in error, Michael Hayes and Thomas Katan, the record of a contract of sale of such farm by the defendants in error to Carey.

The evidence shows these facts: On May 25, 1912, the defendants in error, who were the owners of a farm consisting of 416 acres, entered into a written contract with Thomas Carey, Jr., and Margaret A. Carey, his wife, to sell it to them for $51,167.40,—$7491.40 payable March 1, 1914, $5000 March 1, 1917, $5000 March 1, 1922, the balance ($33,675.70) March 1, 1927, with five per cent in-

terest, payable semi-annually, on the whole sum remaining from time to time unpaid. For a failure of the purchasers to make any payment or perform any covenant the vendors were authorized, at their option, to forfeit the contract and retain all payments made as liquidated damages and to re-enter and take possession of the premises, and it was agreed that time of payment should be of the essence of the contract. Carey and his wife were then living on the land and have continued to do so ever since. On February 26, 1914, the purchasers having made no payment on the contract and a little over $10,000 being due on March 1, the vendors and purchasers met to make some different arrangement for Carey to remain on the farm, as he did not want to leave. The defendants in error agreed to let him stay, and thereupon a lease was entered into by which the defendants in error demised the farm to Carey from March 1, 1914, to March 1, 1915, for $2700. At the expiration of the lease the defendants in error employed Carey to manage the cultivation and tilling of the farm from March 1, 1915, to March 1, 1916, for $60 a month and the use and occupation of the dwelling house, the defendants in error furnishing seed, machinery and horses. On March 22, 1915, the contract of sale of May 25, 1912, was filed for record in the recorder's office of Kane county, by whom does not appear, for the defendants in error and Carey and his wife, who are all parties to it and the only parties, all deny filing it or authorizing it to be filed. On February 16, 1916, plaintiff in error recovered a judgment in the Kane county circuit court by confession against Carey and caused an execution to be levied upon the interest of Carey in the farm and advertisement to be made by the sheriff of sale under the execution on April 24, 1916. Thereupon the defendants in error filed their bill, a preliminary injunction was issued, upon a final hearing the injunction was made perpetual, the record of the contract was decreed to be canceled, and the Appellate Court affirmed the decree.

The lien of a judgment attaches, in the absence of actual notice, not only to the interest which the judgment debtor may actually have in real estate but to whatever interest the records disclose in him, and the judgment creditor having a lien has the same rights as a purchaser. (*Thorpe* v. *Helmer*, 275 Ill. 86.) It is the contention of the plaintiff in error that the records disclose that Thomas Carey, Jr., the judgment debtor, had an interest in the farm which was subject to levy and sale under the execution issued upon the plaintiff in error's judgment, and that in the absence of actual notice of a forfeiture or abandonment of the contract such a forfeiture or abandonment could not affect the right of the plaintiff in error to sell the interest of Carey so disclosed by the records. The recording of the contract gave the purchasers no greater rights than they had before the contract was recorded. It was simply notice of their rights. The plaintiff in error occupies the same position as if he had obtained an assignment of the contract on the day his judgment was recovered. No question of notice to him is involved. If upon a sale of Carey's interest in the land under his execution the plaintiff in error were to become the purchaser, he would be entitled to enforce Carey's rights in the contract whether it was recorded or not, and no more. He had no right to place any more reliance on the record of the contract than on the contract itself. The contract was not a negotiable instrument, and an assignment of it was subject to whatever equities existed between the parties. The only interest which Carey had in the land was the equitable right to enforce the contract, provided he had performed it on his part. If he could not enforce its specific performance neither could the purchaser from him, either by a voluntary sale or a sale under legal process. It is manifest that Carey could not enforce the specific performance of the contract and had no equitable interest in the land. His failure to make the payment on March 1, 1914, was a sufficient reason to jus-

tify the defendants in error in enforcing a forfeiture of the contract. Their act in insisting upon making a new contract and demising the land to a new tenant was a sufficient indication of their intention to enforce such forfeiture. His acceptance of the lease and failure to make any of the payments required by him are sufficient evidence of his abandonment of the contract. After March 1, 1914, under the evidence in this record, he had no interest in the land except as a tenant of the defendants in error, and after March 1, 1915, as their employee. A rescission or abandonment of a contract in writing may be deduced from circumstances or a course of conduct clearly showing such abandonment. *Lasher* v. *Loeffler,* 190 Ill. 150; *Cuppy* v. *Allen,* 176 id. 162; *Hale* v. *Bryant,* 109 id. 34.

The answer of the plaintiff in error avers that neither Thomas Carey, Jr., nor Margaret A. Carey ever signed any contract or memorandum in writing for the release, cancellation, waiver or rescission of said contract, and claims the benefit of section 2 of the Statute of Frauds, which provides that no action shall be brought to charge any person upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them, for a longer term than one year, unless such contract shall be in writing. This statute has no application to this case. The bill does not seek to enforce any contract in regard to any interest in lands. It merely seeks to have the record of the contract canceled, because, by its abandonment and the failure of the parties to perform, it has become of no effect.

The defendants in error introduced in evidence a certified copy of the record of the contract, on the margin of which, opposite the signatures, appear the words, "March 5, 1915, received of Thomas Carey, Jr., to apply on interest, $1500." It is argued from this indorsement that the defendants in error received payment on the contract after the default of the purchasers and thereby waived the right of forfeiture. No evidence was introduced in regard to

this indorsement. It was not shown to be in the handwriting of either of the defendants in error or to have been made by either of them. Each of them denied that any payments were made on the contract and each of them denied filing the contract for record. Neither of them could have had any purpose in filing it for record. The object of introducing the record in evidence was to establish the cloud upon their title by the recording of the contract. There was no admission that the indorsement of payment was made by them or that any such payment was made.

Reference is also made to the fact that Carey made payments to the defendants in error from 1912 to 1915 at various times, the amount of which is not shown, and it is argued that these were payments on the contract. There is no evidence that they were payments on the contract. The defendants in error deny that any payments were made on the contract, and the lease which was introduced in evidence shows that Carey agreed to pay $2700 rent for the farm, which he owed during the time when these payments were made.

Since Carey had lost all right to enforce the contract by its abandonment and forfeiture, a sale of his interest in the land under the execution would convey no title and could have no other effect than to cloud the title of the defendants in error. If the sale should be followed by a deed, a court of equity would entertain a bill to remove the deed as a cloud upon the title of the defendants in error. Upon the same principle upon which courts of chancery exercise their jurisdiction for the removal of a cloud upon title they may entertain jurisdiction to restrain a sale on execution where a deed upon such sale will only constitute a cloud upon the title of the owner. *Christie* v. *Hale,* 46 Ill. 117; *Groves* v. *Webber,* 72 id. 606; High on Injunctions, 155.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*