THIRD DISTRICT—OCTOBER, 1927.        355

Commercial Trust & Savings Bank v. Murray, 246 Ill. App. 355.

# Commercial Trust and Savings Bank of Springfield, Illinois, Complainant and Appellant, v. M. J. Murray et al., Defendants. Henry Henn, Cross-Complainant and Appellee.

## Gen. No. 8,045.

1. JUDGMENTS—*to what lien attaches.* Upon the entry of a judgment, it at once becomes a lien on all realty appearing of record, free from the claims of all other persons of which the judgment creditor had no notice either actual or constructive.

2. JUDGMENTS—*lien as affected by later recording of deed.* Where a judgment creditor has no notice of an unrecorded deed, the judgment lien will not be affected by the subsequent recording of the deed.

3. SURETYSHIP—*subrogation rights of surety paying principal's debt.* A surety who is compelled to pay his principal's debt will in equity be entitled to be subrogated to all the creditor's rights to any fund, lien, or equity which the creditor may have against any other person or property on account of the debt.

4. JUDGMENTS—*lien as affected by prior recording of deed.* The entry of a judgment after the recording of a deed by the judgment debtor creates no lien on the land until the deed is removed.

5. CREDITORS' SUITS—*value of removing deed to holder of prior judgment.* A creditor who has obtained a judgment and entry thereof before the debtor recorded a deed of property subject to the judgment, is not affected by the fact that another creditor removes the deed and releases the property for creditor's claims.

6. CREDITORS' SUITS—*when prior lien not disturbed by discovery of assets.* The rule that a judgment creditor who files a bill whereby equitable assets of the debtor are made available to the creditors has prior equity to have them applied to pay his judgment, does not apply against a prior creditor whose lien had already been secured on the property.

Appeal by plaintiff from the Circuit Court of Cass county; the Hon. GUY R. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed October 31, 1927.

THOMAS D. MASTERS and WALTER T. DAY, for appellant.

A. A. LEEPER, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

On this appeal there is no controversy as to any of the facts in the case. The transactions between the different parties to this litigation, set out in their chronological order, are substantially as follows: On the hearing of the chancery case of M. J. Murray v. Farmers State Bank of Ashland, Illinois, in the circuit court of Cass county, the bank recovered a money judgment against said Murray for the sum of $6,596.26. Murray prayed an appeal from the decree for said money judgment to this court, where it was affirmed. *Murray v. Farmers State Bank of Ashland,* 235 Ill. App. 631. Henry Henn, one of the appellees here, signed the appeal bond of Murray, as surety. Upon the affirmance of said decree an execution was issued, placed in the hands of the sheriff and returned unsatisfied. Henn, as surety on said appeal bond, was compelled to pay the judgment against Murray, and took an assignment thereof to himself. At the time this judgment was rendered the record title to the real estate involved herein, was in said Murray, and, of course, the judgment immediately became a lien thereon. On August 14, 1924, a warranty deed from Murray to his sister, Alice T. Murray, purporting to bear the date of September 22, 1920, and conveying said lands, was filed for record. On August 9, 1924, appellant, Commercial Trust and Savings Bank of Springfield, Illinois, brought an action against Murray, in assumpsit, to recover judgment for the principal and interest due on certain notes held by it. On August 20, 1924, appellant caused a writ of attachment in aid to issue, by virtue of which a levy was made upon the said lands hereinbefore mentioned. On October 6, 1924, appellant recovered a judgment against Murray for $7,633.43. This judgment, by reason of the sale of certain collateral held by appellant, was subsequently reduced to $6,153.43. A special exe-

cution was issued and a sale had of said premises and they were bid in by appellant for the sum of $4,000.00, and the special execution was returned satisfied *pro tanto*. On December 1, 1924, Henn, appellee, as assignee of the judgment of the Farmers State Bank of Ashland, caused an execution to be issued on said judgment and levied upon the same lands, which resulted in a sale thereof by the sheriff, at which Henn bid the sum of $4,000.00, and received a certificate of purchase for the same *pro tanto*. On January 21, 1925, appellant filed its creditor's bill in the Circuit Court, alleging that the said warranty deed from Murray to his sister, Alice, was without consideration, was in the nature of a secret trust, fraudulent and void, and that the same was executed with intent to hinder, delay and defraud the creditors of said Murray. The bill further avers that the defendants, Joseph D. Turner, Mary J. Turner and Ella Massey, have a prior and superior lien and interest in said premises, as mortgagees; that said mortgagees be decreed to answer and disclose to the court whether any part of the mortgage indebtedness, evidenced by said mortgage, has been paid, and what amount, if any, of the said mortgage indebtedness, remains unpaid and unsatisfied; that the defendant, Farmers State Bank of Ashland, claims to have some right, title or interest in and to said premises as a judgment creditor of the defendant, M. J. Murray, but that whatever right, title or interest sai dbank has is subordinate to the right, title and interest of appellant, and that the rights of the Farmers State Bank may be ascertained and determined in this proceeding.

There is no contention in regard to the rights of the prior mortgagees mentioned, and their interests are not involved on this appeal. Appellee Henn, having been permitted to intervene, by leave of court, answered the bill, setting up, substantially, the facts in regard to the sale of the lands by virtue of the judg-

ment obtained by the State Bank of Ashland, and his purchase of the same at said sale. Henn also filed a cross bill claiming that his right to and interest in the lands described therein and in the original bill in this cause, are based on the judgment and sale thereunder, which are particularly set forth herein, and that such right and interest are prior and superior to any right or interest in said lands claimed or held by the Commercial Trust and Savings Bank, appellant, and prays that decree be entered declaring the same so to be. A cross bill was also filed by the mortgagees for the foreclosure of their mortgage. Answers to the original bill and to the cross bills and replications thereto, completed the issues in this cause which was referred to a special master in chancery to take and report proofs and findings of law and fact. The only question involved on this appeal is in regard to the priority of the liens as between appellant, Commercial Trust and Savings Bank of Springfield, and appellee, Henry Henn, assignee of the judgment of the State Bank of Ashland, as affecting their respective rights to redemption from the foreclosure sale.

The master found that the warranty deed executed by M. J. Murray to his sister, Alice T. Murray, was fraudulent as against his creditors and that by reason of the filing of this bill by appellant to set aside said conveyance, an equitable lien upon the lands in favor of appellant, was created prior and superior to the lien or interest of the cross complainant, Henry Henn. The chancellor sustained the exceptions of appellee Henn to the master's report, and entered a decree finding that the cross complainant, appellee Henn, was subrogated to all the right, title and interest of the State Bank of Ashland, and that the lien of the latter bank was prior and superior to the lien of the appellant.

The position taken by appellant in support of its claim for priority, is, that by reason of its diligence

in filing the bill in this case, additional assets were discovered and made available for the creditors of Murray, and therefore its judgment lien should have priority. At the time judgment was entered against Murray by the Farmers State Bank of Ashland, the record title of the lands in question was in Murray. Upon the entry of this judgment a lien was immediately created upon the property. There is no proof and no claim made that the Farmers State Bank of Ashland had any notice, either actual or constructive, of the unrecorded deed from Murray to his sister. A judgment becomes a lien on all real property appearing of record free from the claims of all other persons of which the judgment creditor had no notice, either actual or constructive, and when there is no such notice of an unrecorded deed, the lien will not be affected by the subsequent recording thereof. *Thorpe v. Helmer,* 275 Ill. 86.

Appellee Henn was surety upon the appeal bond of Murray and as such surety was compelled to and did pay the debt to the Farmers State Bank of Ashland. A surety who is compelled to pay the debt of the principal, will, in equity, be entitled to be subrogated to all the rights and equities of the creditor as to any fund, lien or equity, which the creditor may have against any other person or property on account of the debt. The equities of the surety extend to all the rights of the creditor respecting the debt which the surety pays. *Lochenmeyer v. Fogarty,* 112 Ill. 572; *Bartel v. Zimmerman,* 293 Ill. 154.

The deed from Murray to his sister was recorded August 16, 1924. The writ of attachment caused to be issued by appellant and levied upon the premises was not issued until August 20, 1924, and appellant did not procure its judgment against Murray until October 6, 1924. The judgment of the Farmers State Bank of Ashland against Murray was rendered May 27, 1923, more than a year prior to the levy of the

writ of attachment or the judgment of appellant. The judgment of appellant not having been rendered until after the deed was recorded, did not create any lien upon the lands in question and could not do so until after the deed had been removed. *Union Natl. Bank v. Lane,* 177 Ill. 171. The recording of the deed had no effect whatever upon the lien of the judgment of the State Bank of Ashland, as that judgment was rendered before the deed was recorded. Appellee Henn, as assignee of the latter judgment, could derive no benefit whatever by the setting aside of the deed by virtue of the creditor's bill filed by appellant, as his lien was established before said deed was recorded, but, on the contrary, appellant could procure no lien by virtue of its judgment until said deed was set aside. *Union Natl. Bank v. Lane, supra.* The rule that a creditor who reduces his claim to judgment, sues out an execution and files a bill whereby equitable assets or property of the debtor, not subject to execution, are discovered and made available to the creditors of said debtor, will thereby acquire a priority or right in equity to have the same first applied in payment of his judgment has no application against a prior creditor whose lien had already been secured.

The decree of the chancellor was clearly right and is affirmed.

*Affirmed.*