Warner E. Bauman, Appellant (In re Eva Roberts, Appellee), v. Florence V. Schoaff, also known as Florence V. Schoaff Saltsman and Howard A. Schoaff, Defendants.

Gen. No. 10,153.

Opinion filed April 18, 1947. Released for publication May 5, 1947.

EUGENE LEITER, of Peoria, for appellant.

CLYDE CAPRON, of Peoria, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The appellant, Warner E. Bauman, has appealed from an order of the circuit court of Peoria county, denying his motion to set aside a levy and execution sale, of a vacant lot, which the appellant, and his wife, Verna L. Bauman, claim as owners, under a deed delivered to them by the judgment debtors, before the judgment, the basis of the *fieri facias* was rendered. The deed was recorded before the execution sale, but not before the judgment was rendered against the judgment debtors. The execution creditor, Eva Roberts, was the purchaser of the lot at the sale, and the motion was made before the period for the redemption of the lot from that sale had expired. The amount of the bid of Eva Roberts was credited on the judgment in part satisfaction thereof.

The judgment was rendered on July 23, 1945, in a suit by Eva Roberts against Florence V. Schoaff and her son, Howard A. Schoaff, for $6,797.96, the amount due on their promissory notes.

The deed conveying the lot from the Schoaffs to the Baumans was executed on Aug. 19, 1944, but not filed for record in the recorder's office of Peoria county until Nov. 14, 1945. The execution sale was on Jan. 21, 1946. The motion to set aside the levy and sale was made on May 24, 1946.

At the time the judgment was rendered the Schoaffs, the judgment debtors, appeared of record in the recorder's office as the owners of the lot. The motion to set aside the levy and execution sale was made in the suit, on the promissory notes, to which neither Bauman nor his wife are parties.

The motion recites that at the time of the levy and sale of the lot, Bauman was the owner thereof; that the Schoaffs had no interest therein, subject to be sold on execution; that Eva Roberts had knowledge of the fact at the time of the levy and sale that the judgment debtors had no interest in the lot; that she had constructive notice of such fact appearing from the records in the recorder's office, from the debtors' schedule filed to the execution and from Bauman's possession of the lot.

The judgment creditor, Eva Roberts, entered her limited and special appearance, and made a motion to strike the motion (to set aside the levy and sale,) stating as one ground of the motion that Bauman is a stranger to the record in the suit on the promissory notes, and he has no right to file his motion to set aside the levy and sale. Other grounds of this motion are, that a hearing on the motion of Bauman will involve testimony and issues on the question of fraud between the Schoaffs and Bauman in the execution of their deed; also of the possession of the lot, and absence of notice of the judgment creditor of Bauman's interest in the lot when the judgment was rendered.

The motion of the execution creditor to strike the motion to set aside the levy and sale was overruled, and there was a hearing on the original motion. Be-

fore the hearing, counsel for Eva Roberts made general objection to all evidence to be offered by the Baumans. He stated that he abides by his motion to strike; that the proceeding is summary and contrary to the usual practice and procedure in law and equity; that Eva Roberts was entitled to a trial by a jury on the issues raised by the motion; that he appeared at the hearing, only for the purpose of objecting to the evidence to be presented in support of the motion of Bauman.

The testimony on the hearing consists of evidence introduced by Bauman to prove that he is a bona fide purchaser of the lot for value. He did not prove that he was in the visible possession of the lot, or that Eva Roberts had any notice that Bauman claimed any interest in the lot at the time the judgment was rendered. Eva Roberts did not introduce any evidence.

The judge did not state for the record, his reasons for overruling the motion to set aside the levy and sale. He did indicate, as is shown by the record, that in his opinion, the right of title to the lot could not be tried under the motion by a summary proceeding. It appears from the briefs filed in this court that there were two contentions made before and at the hearing of the motion.

It is first contended that Bauman did not follow the correct procedure in filing his motion to set aside the levy and sale, but that his remedy, before the execution of sheriff's deed, should have been by a suit in equity. It is contended by Bauman that, ''The lien of an ordinary judgment is general and extends only to the property right which the debtor owns in the premises subject to equities in it at the time of the judgment, and it is limited to the actual interest of the judgment debtor.'' Citing *Mauricau v. Haugen*, 387 Ill. 186. In the case of *Canty v. Kelley*, 154 Ill. App. 283, it is held that one who is a stranger to the record in the suit in which a judgment is rendered cannot have di-

verse and complex rights settled on a mere motion to quash the levy and have the execution sale set aside after the judgment has been rendered, and the term of court during which the judgment was rendered has been adjourned. In the case of *Hitchcock v. Roney*, 17 Ill. 231, Hitchcock by a deed duly recorded became the owner of real estate sold under execution after the lien was created on the real estate under the criminal code providing for a lien on the real estate of a person convicted of an offense specified in the code. The Supreme Court in the *Hitchcock* case held: "Hitchcock is a stranger to the record and proceedings, and has no right to interpose a motion to quash the levy, sale and execution. As a purchaser of the same land, he has his remedy to investigate the question of title, and they are not impaired by this proceeding, to which he is not a party.

"In *Price v. The Shelby Circuit Court*, Hardin R. 254, the court held that they were not bound to hear a motion in a summary way, at the instance of a stranger, although his interest might be affected by the execution sale.

"So in *Glassel's Administrator v. Wilson's Administrator*, 4 Wash. C. C. R. 59, the court refused to interpose at the instance of third persons, who claimed the land levied on and sold; and this rule was again applied in *Wallop's Administrator v. Scarburgh et al.*, 5 Gratt. R. I.

"More especially will this summary remedy be denied, when it is inappropriate, and incapable of affording complete relief as a suit or bill."

The case of *Bonnell v. Neely*, 43 Ill. 288, adheres to the rule that a stranger to the record cannot by summary means of a motion assert adverse rights of his interest in the property of a judgment debtor against the judgment creditor and attempt thereby to prevent sale of the property under execution. See, also, *Burnham v. Roth*, 244 Ill. 344.

In 23 C. J., page 470, it is stated with citations of cases: "A motion to quash the levy is not the proper proceeding to try the question of title to property, and the court will not set aside a levy upon the motion of a party solely on the ground that the officer has seized property of a stranger to the writ, or on the ground that the judgment debtor has no interest in the property levied on. So the court will not entertain a motion by a stranger, whose property has been levied upon, to vacate the levy, because the court will not in this manner determine conflicting titles to property; the stranger will be left to the statutory method of trying his right to the property, or to a common law action of trespass."

The deed of the Schoaffs conveyed the title to the lot to the Baumans before the judgment was rendered. Consequently, the Baumans have not succeeded by virtue of their deed, to any rights of the Schoaffs to question the legality of the levy and sale by motion, because of fraud or irregularity; nor, are the Schoaffs under any liability to the Baumans under their warranty deed conveying the lot to them arising from any result of the rendition of the judgment.

It does not appear in the record that the Baumans have sustained any injury, in the legal sense, as a basis for a motion to set aside the levy and sale. The law is well established in this State that a judgment creditor is regarded as a purchaser, within the meaning of section 30 of the Conveyance Act [Ill. Rev. Stat. 1945, ch. 30, par. 29; Jones Ill. Stats. Ann. 29.31], which declares that " . . . all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers, without notice, until the same shall be filed for record."—*Gary v. Newton*, 201 Ill. 170. It is also the law that a judgment becomes a lien on all real estate of the judgment debtor appearing of record free from the claims of all other persons of which the judgment creditor had no notice, either

actual or constructive, and when there is no such notice of an unrecorded deed, the lien will not be affected by the subsequent recording thereof. *Commercial Trust & Savings Bank of Springfield v. Murray,* 246 Ill. App. 355. In the case of *Smith v. Willard,* 174 Ill. 538, page 546, it is stated, "Appellee being a judgment creditor before the filing of this deed for record, occupied the same position as a purchaser, within the meaning of this statute." (Sec. 30 of the Conveyance Act.)

If the Baumans had any equitable interests in the lot based on, or arising out of their deed, executed before the judgment was rendered, and existing at the time of the levy and sale, as is contended by counsel for Bauman, then to protect such equities the deed should have been recorded before the judgment was rendered. *Mauricau v. Haugen,* 387 Ill. 186, at page 202; *Smith v. Willard,* 174 Ill. 538. The rule stated in the *Mauricau* case that sec. 30 of the Conveyance Act does not apply where title to real estate of one not a debtor of the judgment creditor has been improperly placed in the name of the judgment debtor, and there is nothing of record to show the equitable interest of the true owner, because the creditor cannot acquire any greater rights in the real estate than the judgment debtor had, has no application where the judgment was rendered against the party owning the real estate, and it was thereafter conveyed to another. *Mauricau v. Haugen,* 387 Ill. 186, pages 198 and 199.

It is also to be observed that in the *Haugen* case that the judgment was rendered against Van Buren Mauricau. The complaint in equity was filed by Frances May Mauricau, wife of the judgment debtor, who claimed she was the equitable owner of the real estate. Frances May Mauricau was not a party to the suit in which the judgment was rendered against Van Buren Mauricau. She married Mauricau after the judgment was rendered against him. The Supreme Court did not declare nor indicate that Frances

May Mauricau's right to litigate her claim as equitable owner of the real estate, to restrain the sale thereof, under execution against her husband, was not barred, nor impaired by her failure to file a motion in the suit in which the judgment was obtained to quash the execution, or set aside levy under the execution.

In this case the court did not err in overruling the motion to set aside the levy and sale, and the judgment of the circuit court of Peoria county is affirmed.

*Affirmed.*