ROBERT S. WOLFF et al., Plaintiffs-Appellants, v. EDWARD D. GROSHONG et al., Defendants-Appellees.

Fifth District    No. 81-17

Opinion filed October 14, 1981.

Robert Weiner and Terry L. Fields, both of Springfield, for appellants.

G. Edward Moorman, of East Alton, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

This appears to be a case of first impression presenting the question: Does the lien of a judgment expire at the end of the statutory life of the judgment notwithstanding the revival of the judgment? The answer to the question, and the resolution of the issue of this case, involves consideration of section 1 of "An Act in regard to judgments * * *" (Ill. Rev. Stat. 1979, ch. 77, par. 1).

On December 9, 1971, the plaintiffs, Robert S. Wolff, Nancy M. Wolff and Wolff Development, Inc., obtained a judgment against defendant, Edward Groshong, an attorney, in the amount of $5,832. On December 16, 1971, plaintiffs filed with the recorder of deeds of Madison County a memorandum of the judgment in order to perfect the lien of the judgment, as provided by section 1 of the Act.

The judgment debtor and his wife, defendant Birdine Groshong, owned and resided upon certain real property in Madison County. About four years after the memorandum of judgment was filed the judgment debtor quitclaimed his interest in the real property to his wife. On October 20, 1978, almost seven years after the judgment was obtained and the memorandum of it recorded, plaintiff Robert Wolff filed an affidavit for *scire facias* to revive the still unpaid judgment. On January 4, 1979, plaintiffs obtained an order reviving the judgment of December 9, 1971. However, after obtaining the order reviving judgment plaintiffs did not

file a transcript, certified copy or memorandum of the order of revival in compliance with the lien provisions of section 1 of the Act.

Thereafter, on March 6, 1979, Edward and Birdine Groshong quitclaimed their interest in the real property to Birdine Groshong and to the couple's children, defendants Dell M. Dively and Donald E. Groshong, also an attorney. Consideration for the transfer was "love and affection." On September 11, 1979, plaintiffs filed a petition for special execution, and on the same date the trial court granted the petition by an order which particularly described the Groshong real estate above referred.[1] At that time the judgment and interest amounted to $8,569.34. On September 20, 1979, defendants moved that the order for special execution of September 11, 1979, be quashed, and after a hearing the trial court, in the order from which plaintiffs appeal, granted the motion. At that hearing, Edward Moorman, attorney for defendants, acknowledged that the grantees of the quitclaim deed of March 6, 1979, were not *bona fide* purchasers and stated,

> "[U]ndoubtedly everybody involved [in the conveyance of March 6, 1979] knew about the judgment.
>
> It's not a matter of whether this property was sold or given away. And the fact is that it was given away."

Edward and Birdine Groshong have continued to reside upon the real property so conveyed.

Section 1 of "An Act in regard to judgments * * *" (Ill. Rev. Stat. 1979, ch. 77, par. 1) provides in pertinent part:

> "[A] judgment shall be a lien on the real estate of the person against whom it is rendered * * * only from the time a transcript, certified copy or memorandum of the judgment is filed in the office of the recorder of deeds in the county in which the real estate is located.
>
> A judgment shall not be a lien on real estate for longer than 7 years from the time it is rendered or revived.
>
> When a judgment is revived it shall be a lien on the real estate of the person against whom it was rendered * * * from the time a transcript, certified copy or memorandum of the order of revival is filed in the office of the recorder of deeds in the county in which the real estate is located."

In his findings the trial court stated,

> "11. That the lien of judgment was not perfected as to the revived judgment prior to the transfer and was not and is not a lien against the property subsequent to December 9, 1978.
>
> 12. That despite the arguments of Petitioners' counsel, there is no

---

[1] Illinois precedent or other authorization for proceeding by the petition for special execution is not shown of record, and our cursory search reveals none.

case law preventing officers of this Court from taking advantage of Illinois Revised Statutes, Chapter 77, Section 1, to avoid creditors."

Defendants contend that because no transcript, certified copy or memorandum of the order reviving the judgment was filed, as required by section 1, the lien of the judgment was never revived and, consequently, on March 6, 1979, no lien existed upon the real property quitclaimed at that time by Edward and Birdine Groshong. According to defendants, the grantees could not have taken the property subject to the alleged judgment lien because there was no judgment lien after December 9, 1978. Plaintiffs argue in their brief, "A strong inference is created by these undisputed facts that Defendants were seeking to defraud Plaintiffs, as creditors, of their only security for recovering on the judgment. This situation required the court to exercise its equitable jurisdiction."

Plaintiffs did not, however, plead and prove fraud. They placed only one issue before the trial court, whether the grantees took the real property conveyed on March 6, 1979, subject to a judgment lien, created in accordance with the provisions of section 1. Thus, there is but one issue before us today. In view of the plain language of the Act we can only conclude that a revived judgment is not a lien on the real estate of a judgment debtor unless and until a transcript, certified copy or memorandum of the order of revival is filed in the office of the recorder of deeds in the county in which the real estate is located pursuant to section 1. Any other conclusion would compromise the integrity of the system for liens contemplated by the Act. Since the judgment creditors in this case recorded no one of the three items specified in section 1, the revived judgment was not a lien upon the real property in question at the time the crucial transfer was made. The judgment lien created on December 16, 1971, when the memorandum of the judgment rendered on December 9, 1971, was filed, had expired on December 9, 1978, seven years from the date the judgment was rendered. Nothing further having been recorded, the grantees took free of the alleged judgment lien.

Affirmed. ·

KASSERMAN, P. J., and KARNS, J., concur.