GALE GILL *et al.*, Plaintiffs-Appellants, *v.* GOLDIE CONLIN *et al.*, Defendants-Appellees.

Fifth District   No. 82—559

Opinion filed July 21, 1983.—Rehearing denied August 18, 1983.

JONES, J., specially concurring.

Endicott & Finch, of Carmi, for appellants.

Bernard L. Minton, of McLeansboro, for appellees.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

This is an appeal from a grant of summary judgment in favor of defendants, Goldie and Norman Conlin, entered on June 11, 1982. The trial court found, pursuant to the memorandum of judgment recorded on March 23, 1981, that the Conlins had a perfected lien on certain real estate located in White County, Illinois, which was superior to any claim of the plaintiffs, Gale and Sharon Gill. Plaintiffs contend that the Conlins did not follow the statutory requirements necessary to have their foreign judgment recognized in this State and thus did not obtain a valid lien on the subject realty. We reverse and remand. A detailed recital of facts is necessary.

On April 22, 1980, the Conlins obtained a judgment against Roy B. Utley, Jr., in the circuit court of Posey County, Indiana. On March 19, 1981, they filed a complaint in the circuit court of the second judicial circuit in White County, Illinois, seeking to enforce the Indiana judgment. Defendants then recorded a memorandum of judgment of an alleged final judgment in the White County recorder's office on March 23. Eight days later Mr. Utley was personally served with sum-

mons and copy of the complaint. On April 3, execution was issued and the sheriff levied upon the real estate in White County. On May 1, after finding that "30 days have elapsed since personal service on said defendant, and no entry of appearance or other pleading has been filed herein," the trial court entered a final judgment on behalf of the Conlins. In the interim, however, on April 8, the plaintiffs had recorded a copy of their contract with Mr. Utley to purchase the real estate upon which the Conlins were seeking to place the lien. The contract between the Gills and the Utleys was executed in 1974, but had never been previously recorded.

Pursuant to the May 1 confirmation of the Indiana judgment, a notice of the sheriff's sale of the land was published. The Gills succeeded in blocking the sale temporarily, but on May 28 the Conlins purchased the property at the sale upon execution of judgment. Plaintiffs thereafter filed their amended complaint seeking specific performance of their 1974 real estate contract and requesting a determination of priority of the lien rights between the parties. Defendants' motion for summary judgment was granted, and the Gills appealed.

The issue to be resolved here is whether defendants' memorandum of judgment recorded on March 23 gave them a superior claim to the White County property. This may be determined by examining the provisions of chapter 77, entitled "Judgments" (Ill. Rev. Stat. 1979, ch. 77, par. 1 *et seq.*). Section 1 provides that a foreign judgment which is registered pursuant to the "Uniform Enforcement of Foreign Judgment Act" shall be a lien on the real estate of the party against whom it was rendered only from the time:

> "*** (a) a certified copy of the verified petition for registration of the foreign judgment or (b) a transcript, certified copy or memorandum of the final judgment of the court of this State rendered or made on that foreign judgment is filed in the office of the recorder of deeds in the county in which the real estate is located." (Ill. Rev. Stat. 1979, ch. 77, par. 1.)

This provision, therefore, sets forth very definite requirements for enforcement of foreign judgments.

In the present case, those requirements have not been satisfied. A petition for registration of the foreign judgment was filed on March 19, 1981, but the petition was not verified nor was a certified copy of the petition filed in the office of the recorder of deeds in White County. Thus the requirements of subparagraph (a) were not met.

Likewise, there was no transcript, certified copy or memo of the final judgment of this State filed in the office of the recorder of

deeds, as directed by subparagraph (b). The memorandum of judgment filed by the Conlins on March 23, 1981, did not constitute the memorandum of a final judgment and so does not satisfy (b). According to section 12 of the Uniform Enforcement of Foreign Judgment Act, a registered judgment shall be a final judgment when "the judgment debtor fails within thirty days after the return date fixed in the publication notice or in the summons to act to set aside the registration" and "the court shall enter an order to that effect." Ill. Rev. Stat. 1979, ch. 77, par. 99.

■ In this case, the court entered such an order on May 1. It was the memorandum of this May 1 judgment which should have been filed in the recorder's office to satisfy section 1(b). Thus, without either of the requisites of section 1 being fulfilled, the Conlins had no valid lien on the real estate in question as of April 8 when the Gills recorded their contract with Mr. Utley.

We realize that this is a strict interpretation of the applicable sections of chapter 77, but this court has recently construed another portion of section 1 on judgments in this fashion. In *Wolff v. Groshong* (1981), 101 Ill. App. 3d 606, 428 N.E.2d 910, a case involving the revival of a judgment after seven years, we held that plaintiffs had allowed their lien of judgment to lapse at the end of the seven year period of limitation because they had not complied with the dictates of section 1. Consequently, an interim transfer by the judgment debtor defeated the plaintiffs' foreign judgment claim. We stated that "[a]ny other conclusion would compromise the integrity of the system for liens contemplated by the Act." *Wolff v. Groshong* (1981), 101 Ill. App. 3d 606, 608.

The statute also received literal application in *Chatham v. Chatham* (1977), 54 Ill. App. 3d 633, 636, 370 N.E.2d 50, where the court construed section 12 of the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1979, ch. 77, par. 99) as binding "only on property of the debtor which has been levied upon." Since the judgment creditor in that case had instituted a citation to discover the debtor's Illinois assets and had then followed only with a petition for entry of turnover, the court held that no "levy" of the assets in question had actually occurred and thus the debtor's motion to dismiss was properly sustained.

■ In view of the attitude of strict compliance demanded by these cases, we hold that defendants failed to comply with the requisites of section 1 (Ill. Rev. Stat. 1981, ch. 77, par. 1). As a consequence, they had no lien on the White County property. The trial court's grant of defendants' motion for summary judgment must

therefore be reversed and this cause remanded for proceedings consistent with the views expressed herein.

Reversed and remanded.

KARNS, J. concurs.

JUSTICE JONES, specially concurring:

Aside from the procedural aspects of this case discussed by the majority, there is another, and I believe more substantive, basis for the result reached. That other basis is the fact that the Conlins were alleged by the Gills to have had actual notice of the claim of the Gills to the 50 acres of real estate involved by virtue of their contract for deed. If the Conlins did have actual, or even constructive, notice of the claim of the Gills at the time they registered their Indiana judgment against Utley and obtained an execution sale, the claim of the Gills to the 50 acres must be deemed to be superior to that of the Conlins.

The record of circuit court case No. 81—LM—11, the proceeding to register the Indiana judgment against Utley, is not before us. The case we review is No. 81—CH—5, which was begun on May 15, 1981, by the Gills with a complaint for specific performance of their contract for deed with Utley and for a temporary restraining order and preliminary injunction. The Gills had never been made parties to the proceeding to register the Indiana judgment. The Conlins were, of course, made parties-defendant to the suit for specific performance and injunction. The Conlins' motion for summary judgment, directed against the Gills' amended complaint for specific performance, produced the judgment that is the subject of the instant appeal. The proceedings in case No. 81—LM—11 are known to us from the pleadings, affidavits and exhibits filed by the parties in No. 81—CH—5.

In their amended complaint for specific performance, the Gills alleged that at the time the Conlins purchased the real estate, apparently at the execution sale, they had notice of the rights of the Gills and, accordingly, took the property subject to a lien in favor of the Gills. Both the complaint and the amended complaint alleged that the Gills had paid the obligation of the contract for deed in full and were entitled to a deed. The amended complaint contained a prayer that the court determine that the interest of the Conlins is inferior and subject to the rights of the Gills or, in the alternative, that the court declare that the Conlins have no interest in the real estate concerned.

The Conlins filed an answer to the amended complaint and a mo-

tion for summary judgment. Appended to the motion for summary judgment were copies of various documents that had been filed in case No. 81—LM—11. Included was a copy of the authenticated copy of the Indiana judgment as it had been filed in 81—LM—11. The Indiana judgment is in two parts. The first, filed in the Indiana court on April 22, 1980, is a money judgment in ordinary form in favor of the Conlins and against Utley in the amount of $5,557.13. The second, filed in the Indiana court on February 23, 1981, is styled "Entry." This latter was obviously made as the culmination of supplemental proceedings in the Indiana court for the discovery of assets of Utley, for it recites that Utley appeared in person and testified. Paragraph 3 of the "Entry" recites:

"The Court finds further that defendant represents to the Court that he is presently the owner of approximately fifty (50) acres of real estate located in Harolds Prairie Township, White County, Illinois, which real estate he is selling on contract to Gail [sic] Gill. The defendant represents to the Court that the parties agreed purchase price was $11,000.00, that said real estate is mortgaged to People's Bank & Trust Co., Mt. Vernon, Indiana in the approximate amount of $7,500.00, and that the fair market value of said property is approximately $20,000.00."

The Gills filed a response to the Conlins' motion for summary judgment. Paragraphs 6 and 7 of that response allege that the Indiana judgment shows on its face that the real estate in question was subject to a contract for sale to the Gills and serves as constructive notice of the Gills' rights in that real estate.

Despite the several foregoing allegations regarding the notice the Conlins had of the Gills' interest in the real estate involved, summary judgment was granted to the Conlins.

There are a sizeable number of cases that deal with the proposition that persons who acquire an interest in real estate, either as a grantee or as a lien claimant, with notice of an outstanding lien take their interest subject to the outstanding lien. The following proposition is a common thread in these cases:

"It is also the law that a judgment becomes a lien on all real estate of the judgment debtor appearing of record free from the claims of all other persons of which the judgment creditor had no notice, either actual or constructive, and when there is no such notice of an unrecorded deed, the lien will not be affected by the subsequent recording thereof." (*Bauman v. Schoaff* (1947), 331 Ill. App. 38, 43-44, 72 N.E.2d 571, 573.)

Some other cases that stand for the same proposition are: *Thorpe v. Helmer* (1916), 275 Ill. 86, 113 N.E. 954; *Carnes v. Whitfield* (1933), 352 Ill. 384, 185 N.E. 819; *Hayes v. Carey* (1919), 287 Ill. 274, 122 N.E. 524; *Commercial Trust & Savings Bank v. Murray* (1927), 246 Ill. App. 355; and *Burnex Oil Co. v. Floyd* (1969), 106 Ill. App. 2d 16, 245 N.E.2d 539. This latter case states:

"Where a prospective purchaser has actual knowledge of facts which are inconsistent with the claims of the record owner, the prospective purchaser is not at liberty to ignore such facts. Whatever is sufficient to put a party upon inquiry is notice of all facts which pursuance of such inquiry would have revealed and without such inquiry no one can claim to be an innocent purchaser as against the party claiming an interest in the property supported by such notice." 106 Ill. App. 2d 16, 23-24, 245 N.E.2d 539, 544.

The foregoing cases and authorities, when applied to the alleged fact that the Conlins acquired the real estate with notice of the interest of the Gills, would subject the interest of the Conlins to that of the Gills.

There are, however, factual matters to be resolved. For instance, the "Entry" portion of the Indiana judgment does not give a legal description of the 50 acres to which it refers, and it must be determined whether this 50 acres is that purchased by the Gills.

For the foregoing reasons, I join with the majority in reversing the summary judgment and remanding the case for further proceedings upon the Gills' amended complaint for specific performance of the real estate contract and the determination of the priority of the lien rights as between the Conlins and the Gills.