THE ARTFUL DODGER PUB, INC., Plaintiff-Appellee and Cross-Appellant, v. FRED KOCH, JR., Indiv. and as Sole Beneficiary of American National Bank and Trust Company Trust No. 57648, *et al.*, Defendants-Appellants and Cross-Appellees.

First District (4th Division) No. 1—91—1189

Opinion filed June 11, 1992.

Joseph I. Adler, of Adler & Adler, of Chicago (Robert Handelsman, of counsel), for appellants.

L. Steven Platt, of Arnold & Kadjan, of Chicago, for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

Following a bench trial, the defendant, Fred Koch, appeals from the judgment of the circuit court granting specific performance to compel Koch to sell certain real property to the plaintiff, Artful Dodger Pub, Inc., which had the option to purchase the property in its leasing agreement with Koch. Artful Dodger cross-appeals from

the court's judgment denying its motion for replevin of rent payments.

Koch contends the court erred in awarding specific performance because Artful Dodger abandoned its contract to purchase the property. Koch also alleges that Artful Dodger should not be granted specific performance because it did not prove that it was ready, willing, and able to perform its contractual obligations.

Artful Dodger contends the court erred in denying its recovery of the rent payments which it made to Koch from the time it exercised its option to purchase the property to the present.

Koch and Artful Dodger were parties to a written lease pertaining to the rental of a store located in Chicago, Illinois. The lease ran from October 1, 1984, to October 31, 1987. Pursuant to rider "A" of the lease, the parties agreed that Artful Dodger

> "[S]hall have the option of purchasing the property in which the demised premises are located provided that at the time of the exercise of such option no default has occurred under the terms of this Lease and that it is in effect at that time and Lessee is in possession of premises."

The option purchase price was specified as "one hundred five thousand dollars cash." Rider "A" contained no other conditions relating to the exercise of the option to purchase.

On June 27, 1987, counsel for Artful Dodger, L. Steven Platt, sent a letter to Koch by registered mail exercising the option to purchase the property pursuant to the terms and conditions contained in rider "A" to the lease. The letter requested that Koch's attorney contact him to set a date, time, and place for closing. Koch does not dispute that the option was validly exercised.

On July 16, 1987, Platt sent another letter to Koch advising him that:

> "[O]ur clients, Brian Friedler and James Swanson, individually and d/b/a the Artful Dodger Pub, Inc., hereby rescind their agreement to purchase your building according to the terms of the above-referenced lease, effective immediately.
>
> *** [T]his is to advise you that the Artful Dodger Pub hereby exercises its option to renew the term of the above-referenced lease for a period of three additional years commencing October 1, 1987 and ending September 30, 1990."

Friedler testified at trial that he received a copy of Platt's July 16, 1987, letter shortly after that date. Friedler had a conversation with Swanson and they were "both flabbergasted that this letter [had] been sent." Friedler further testified that Platt had no authority to

send the letter and that the letter was a mistake. Friedler and Swanson immediately telephoned Platt's office. Friedler testified that he told Platt, "[w]e have got to send out something immediately because this is all a mistake. It has to be rectified." As a result of their conversation, Platt sent Koch a letter dated July 20, 1987, withdrawing Artful Dodger's three-year renewal of the lease and further stating:

"We therefore intend to hold you to the terms of the Rider 'A' thereto, as exercised by our clients on June 27, 1987. In accordance with that exercised option to purchase, we hereby demand that you order title from Chicago Title, and close at the offices of the same on August 30, 1987, at 10:00 a.m., in Chicago, Illinois."

On August 21, 1987, Koch sent a letter to Artful Dodger's counsel in which he stated that he did not intend to sell his building.

Artful Dodger filed its complaint for specific performance on September 16, 1987. Artful Dodger paid the July and August 1987 rent and has continued to pay rent until the present time.

On January 31, 1991, the trial court entered judgment for Artful Dodger and ordered the parties to close on the property within 90 days of the date of the order. The court found that a valid option to purchase the premises existed and was exercised by Artful Dodger in its letter dated June 27, 1987. The court stated that since a valid option existed and had been exercised, the option could only have ended if Koch had released Artful Dodger, which he did not. Further, Koch did not change his position in reliance on the July 16, 1987, letter. The court, therefore, concluded that a valid option existed and was properly exercised.

Koch first contends on appeal that the trial court erred, as a matter of law, when it did not conclude that the evidence of Artful Dodger's July 16, 1987, letter in conjunction with Artful Dodger's continued rent payments constituted an abandonment of the real estate contract. Koch relies on *Hayes v. Carey* (1919), 287 Ill. 274, 122 N.E. 524, for the proposition that a lease of realty by the parties to a sales contract constitutes an abandonment of the contract. In *Hayes*, a written contract was entered into for the sale of a farm. The purchase payments were to be made in installments which were due at specified dates. When the purchaser did not make his first installment payment, the farm owner entered into a leasing arrangement with the purchaser. The court held that the purchaser's failure to make any of the payments under the purchase agreement and his acceptance of the new lease were sufficient evidence of his abandonment of the sales contract. The court stated:

"A rescission or abandonment of a contract in writing may be deduced from circumstances or a course of conduct clearly showing such abandonment." (287 Ill. at 278, 122 N.E. at 525.) Other courts have also stated that to constitute an abandonment the acts relied upon must be positive, unequivocal, and inconsistent with the existence of a contract. *People v. Bristow* (1980), 80 Ill. App. 3d 535, 400 N.E.2d 511.

■ The facts of the instant case are clearly distinguishable from the facts in *Hayes*. Artful Dodger exercised the option to purchase on June 27, 1987, and rescinded on July 16, 1987. However, four days later, Artful Dodger retracted its notice of rescission. Further, Artful Dodger filed a lawsuit for specific performance less than one month after Koch's refusal to sell the property. While Koch argues the rent payments were evidence of Artful Dodger's abandonment of the contract, Artful Dodger claims that it paid rent to mitigate its damages. It should also be noted that rider A specified that at the time the option was exercised, the lessee was required to be in possession of the premises and not in default under the terms of the lease. We cannot conclude from this set of circumstances, or from Artful Dodger's course of conduct, that an abandonment of the sales contract is clearly evidenced.

■ Koch also argues that Artful Dodger is not entitled to specific performance because it did not prove that it had sufficient assets to purchase the property and, therefore, that it was ready, willing, and able to perform its contractual obligations. Koch cites *Lasher v. Loeffler* (1901), 190 Ill. 150, 60 N.E. 85, for this proposition. The court in *Lasher* stated:

"A party demanding that a court of chancery shall exercise its jurisdiction to enforce the specific performance of a contract must show he has himself always been ready, willing and eager to perform the contract on his part, and he cannot have a decree for specific performance if it is made to appear he has consented to a rescission of the contract or has abandoned it." (*Lasher*, 190 Ill. at 155, 60 N.E. at 86.)

As we have already discussed, Artful Dodger did not consent to abandon the contract. Moreover, *Lasher* does not state that a purchaser must show he was ready, willing, and able to perform the contract by proving he had sufficient assets to purchase the property. The acceptance of an option contract is valid when the parties meet all of the terms of the option. (*Seaberg v. American National Bank & Trust Co.* (1976), 35 Ill. App. 3d 1065, 342 N.E.2d 751.) Artful Dodger met all of the terms specified in the option contract and Koch has not argued

to the contrary. Thus, for all of the aforementioned reasons, we believe the trial court properly granted specific performance.

On cross-appeal, Artful Dodger contends the trial court erred in denying its motion for replevin of all rents which Koch wrongfully collected from Artful Dodger and all of the other tenants since July 1987 through the present time. Artful Dodger argues that it paid the rent from July 1987 through the present to mitigate any possible damages and Koch should not be entitled to rent monies from other tenants during the period of time when Artful Dodger should have been the owner of the building. Koch alleges that since Artful Dodger voluntarily made the rent payments and was under no compulsion to do so, Artful Dodger's motion was properly denied.

■ An option, when accepted and exercised according to its terms, becomes a present contract for the sale of the premises. (*Welsh v. Jakstas* (1948), 401 Ill. 288, 82 N.E.2d 53.) Upon exercise of the option, the former relationship of lessor and lessee terminates and the parties occupy the relationship of vendor and vendee. (*Cities Service Oil Co. v. Viering* (1949), 404 Ill. 538, 89 N.E.2d 392.) Thereafter, the land is regarded, in equity, as the property of the vendee subject to the rights of the vendor under the contract, and the lessor is not entitled to rent thereafter unless the lease expressly so provides. *Cities Service Oil*, 404 Ill. at 554-55.

■ Based upon equitable principles of law, the objective is to put the parties in the position they would have been had the contract been properly executed. If the closing had occurred in August 1987, as was intended under the terms of the contract, Artful Dodger, as owner of the property, would have been entitled to all rent payments from the tenants and would not have paying rent to Koch. On the other hand, Artful Dodger would have been obligated for all expenses attendant to the ownership and operation of the premises and Koch would have been receiving interest on the purchase monies he would have received from Artful Dodger.

We therefore find, based upon equitable principles of law, that Artful Dodger is entitled to an accounting and replevin of any monies owed it resulting from the parties' failure to execute their contract in August 1987. We accordingly remand to the trial court for an accounting consistent with this opinion.

Affirmed in part; reversed and remanded in part.

LINN and McMORROW, JJ., concur.